310 So.2d 604 (1975)
Melvin P. GORBACH
v.
PRAGER, INC., and Northern Assurance Company of America.
Nos. 55530, 55540.
Supreme Court of Louisiana.
March 31, 1975.
Rehearing Denied April 25, 1975.
Edward K. Pinner, Sr., New Orleans, for plaintiff-applicant in No. 55530, and for plaintiff-respondents in No. 55540.
James H. Drury, Madison C. Moseley, Drury, Lozes & Curry, New Orleans, for defendant-applicant in No. 55540 and for defendant-respondent in No. 55530.
SANDERS, Chief Justice.
Plaintiff, a machinist, instituted this workmen's compensation suit seeking benefits for permanent and total disability. His petition alleged that, during his seven-years employment with Prager, Inc., the "daily lifting and straining" resulted in a "complete physical breakdown of his back."
The district court rendered judgment in favor of defendants, Prager, Inc. and its insuror, Northern Assurance Company of America. After granting a rehearing for reargument, the court reinstated its original *605 judgment, finding that plaintiff had failed to establish a compensable accident.
The Court of Appeal reversed and granted recovery to plaintiff for permanent, partial disability. La.App., 300 So.2d 618 (1974). On application of both plaintiff and defendants, we granted certiorari to review the judgment. La., 303 So.2d 176 (1974).
Plaintiff Gorbach commenced working for Prager, Inc. as a machinist in September, 1963. Prior to that time, he had worked as a machinist for several other firms.
Beginning almost immediately, plaintiff had trouble with his back. Dr. Padua gave him conservative treatment for back pain about September 21, 1963. Apparently, no interruption of his employment occurred at this time.
On July 30, 1965, in an automobile accident unrelated to his employment, plaintiff sustained physical injuries diagnosed as a "cervical sprain and a lumbar sprain." Plaintiff returned to work a week after the accident. The attending physician, Dr. Padua, finally discharged him on October 13, 1965, describing his injuries as being "relatively asymptomatic."
On July 16, 1968, plaintiff again complained of low back pain to Dr. Padua. On April 7, 1969, because of a complaint of back pain, Dr. Padua confined plaintiff to his home. A week later, plaintiff was admitted to the hospital. Dr. Llwellyn, a neuro-surgeon, diagnosed plaintiff's condition as a "lumbar disc syndrome." He was of the view that laminectomy should be performed, but plaintiff was unwilling to undergo surgery. Plaintiff was last seen by Dr. Padua on May 14, 1969, but plaintiff testified that he did not return to work until June 28. On June 10, 1969, he began visiting a chiropractor who gave him manipulative treatments for an unspecified period of time.
On April 16, 1970, plaintiff saw Dr. Santo LoCoco. After taking X-rays, the physician diagnosed the condition as a possible herniated disc. He recommended laminectomy and a fusion.
On September 4, 1970, plaintiff was involved in a second automobile accident unrelated to his employment. In connection with the payment of medical expenses, he filed a claim, asserting that he sustained a ruptured invertebral disc in the accident.
Notwithstanding his condition, plaintiff continued his employment until November 2, 1970, when, according to his testimony, he could not get out of bed.
On November 20, 1970, Dr. Ray J. Haddad performed a laminectomy and removed a ruptured lumbar disc.
After the surgery, plaintiff attempted unsuccessfully to secure employment as a machinist with Prager, Inc. and with other companies. In each case he was denied employment because of his history of back problems. Finally, he was able to secure employment performing limited machinist's duties with the New Orleans Sewerage and Water Board at a reduced rate of pay, but only after he had signed a waiver of any claims arising out of his back condition. Dr. Haddad, an expert in orthopedic surgery, testified that after the operation plaintiff could execute only a portion of his former duties and that he could not perform the lifting formerly required of him.
In Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543 (1962), this Court set forth the test for total disability for skilled workers as follows:
"... [A] skilled worker is deemed totally disabled within the intendment of the law if he is unable to do work of the same character as that which his training, education, and experience qualify him to perform, without unusual difficulty or danger. This rule is applicable to a skilled worker who cannot perform a substantial portion of the work incident to his special occupation. The fact that he may be able to *606 perform the work through assistance does not alter the result. The law looks only to the occupational capacity of the injured employee."
Undoubtedly, under the above test, plaintiff is permanently and totally disabled. In order to recover benefits under the Louisiana Workmen's Compensation Law, however, plaintiff must establish that the disability resulted from "personal injury by accident arising out of and in the course of his employment." Disability is compensable only if it was caused by a work-related accident. LSA-R.S. 23:1031; Prim v. City of Shreveport, La., 297 So.2d 421 (1974); Ferguson v. HDE, Inc., 264 La. 204, 270 So.2d 867 (1972).
Recently, in Prim v. City of Shreveport, supra, we stated:
"Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971); Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131 (1946); White v. E. A. Caldwell Contractors, Inc., La.App., 276 So.2d 762 (1973); Richard v. Guillot, La.App., 271 So.2d 719 (1972); Nellon v. Harkins, La.App., 269 So.2d 542 (1972)."
Plaintiff asserts that, during the course of his employment, he was required to lift weights of 30 to 40 pounds, manipulate them into machinery, and work with a 48-inch wrench and an extension pipe. He argues that these exertions ultimately ruptured his intervertebral disc, causing his disability.
When the ligaments, cartilages, or organs of the body give way because of exertion on the job, the ensuing disability is compensable. See Ferguson v. HDE, Inc., supra; Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968).
The medical experts, in effect, testified that plaintiff's back condition would likely have been aggravated by his duties as a machinist. This medical opinion, however, does not of itself satisfy the requirements for proof of causation in the present case. Plaintiff's back condition was chronic. The factual question is: Has the plaintiff established that the event that triggered the disability occurred on the job, rather than off the job in the automobile accidents. We think not.
In his pre-trial deposition, plaintiff testified that he had sustained no type of "straining" accident on the job. It is true that he attempted to correct this testimony at the trial, but the trial judge apparently found the trial statement unpersuasive. The trial judge found no "identifiable incident... occurring at work."
Plaintiff's witness, Earl Oliver, to whom plaintiff reported at work, did not recall plaintiff ever telling him that he hurt his back while at work.
Plaintiff filed claims and recovered benefits for both automobile accidents. In the 1965 accident, another vehicle struck plaintiff's automobile from the rear, injuring his back. The injuries were described as a cervical and lumbar sprain. Plaintiff's 1970 automobile accident occurred less than a month before the onset of his disability. Plaintiff's medical expense claim filed after the accident listed his illness or injury as "ruptured discs in back." Although plaintiff at the trial described the claim as *607 an error, he also admitted that the automobile accident had a causal relation with his disability.
The record leaves the proof of job-causation in an unsatisfactory state. It appears more likely that the two off-the-job automobile accidents produced the ultimate disability. In any event, the record leaves the element of causation to speculation and conjecture.
In our opinion, plaintiff has failed to meet his burden of proof. Hence, the judgment of the trial judge should not be disturbed.
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside. The judgment of the district court in favor of defendants is reinstated and made the judgment of this Court.
DIXON and CALOGERO, JJ., dissent.