SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his claim for Workmen’s Compensation benefits. In February, 1974, he was surgically treated for a herniated disc by removal of the disc and a fusion, and was left totally and permanently disabled.
Plaintiff alleged that his condition resulted from on the job accidents occurring on June 8 and October 12, 1973, and February 7, 1974, by which an underlying back condition was aggravated or exacerbated. Defendant denied any occupational accident and the issue is whether plaintiff’s disability was caused by a work related accident and is therefore compensable pursuant to LSA-R.S. 23:1031.
The evidence consisted of the testimony of plaintiff and Dr. Charles W. Krieger, Jr., along with documentary evidence consisting of medical reports and defendant’s clinic and accident records.
Plaintiff testified that he had worked for defendant since 1968, doing heavy manual labor involving stooping and the lifting of heavy weights. On June 8, 1973, he stepped in a hole while on the job and sought medical treatment at the company first aid station for back pain. There he was given a course of heat treatments until June 20. In October, while raking grounds from a pot he suffered pain, again sought initial treatment at the first aid station and *567 then consulted his family physician, Dr. J. L. Roberts, who hospitalized him for treatment.[1] On February 7, while raking grounds from a pot, he again experienced pain and again sought treatment at the first aid station where he was referred to the company physician. Thereafter he again consulted his family physician. After a day or two of reporting for work and going to the first aid station his pain got so bad that he was hospitalized on February 10.
Defendant’s records contain a report of the June accident and a record of the heat treatments administered at the first aid station until June 20. There is no report as such for either of the other accidents, but an entry of November 1, 1973, is to the effect that he has missed 19 days of work because of kidney and back trouble, that he was hospitalized for six days and that he could return to light duty for the following 10 days in accordance with the recommendation of Dr. Roberts. There are entries showing that heat treatments were administered at defendant’s clinic throughout the month of November and that plaintiff was to be seen by Dr. Irving Redler on November 14 and 26. These records show that on February 7, 1974, plaintiff complained of increased pain in his back, requested and was refused light duty and was administered a heat treatment. On February 8 he again complained of pain and was sent to defendant’s physician. A report from Dr. R. A. Faust to deefndant diagnoses no findings of new or recurrence of old injury but only a possible mild irritation of the muscles. Limited work was recommended for three days.
Dr. Irving Redler reported that he examined plaintiff on November 14, 1973, at the request of defendant. He was told by plaintiff that he began to suffer with severe pains across the lower part of his back on October 16; the pain increased in severity to the point where he was unable to walk and he was hospitalized for six days; he had since returned to limited duty but continues to have pains in his back; and he was improved to the extent that he could walk and was currently being treated at the plant by heat applications on a daily basis. X-ray examination revealed incomplete sacralization on the fifth lumbar vertebra which is developmental in origin and which, when compared to X-ray films made in December, 1970, showed no change in the appearance of the sacralization. Dr. Redler opined that disability was minimal and should be resolved with the therapy being administered within ten days. He also reported that he saw plaintiff on November 29, when plaintiff complained that the pain had increased in severity. On examination the doctor found no objective symptoms of disability and opined, that any residual disability was minimal and he could return to his regular work.
Dr. Charles W. Krieger testified that he first saw plaintiff on February 12, 1974, and plaintiff stated to him “that he received a back strain in 1969 while lifting equipment on the job. He subsequently had intermittant episodes of low back pain, which have gotten progressively worse in the past year.” After examining plaintiff and performing a myelogram Dr. Krieger diagnosed a herniated disc leading to the surgical back fusion. His testimony was crucial with respect to plaintiff’s condition and its relationship to the three alleged accidents.
In his opinion plaintiff’s condition, though aggravated by his work over a period of time, was not caused by any specific accident. He could not testify as to when plaintiff’s disc herniation developed. As to whether the condition existed as far back as 1969 the doctor answered, “I really couldn’t say that .... unless I would see an X-ray from 1969.” He concluded that plaintiff had the problem in February, 1974, and the condition had existed for *568 some time. He answered affirmatively this question:
“Then the final thing was that you concluded from your history or you could not tell otherwise from your history that there was no particular on-the-job episode of an accident and injury that brought this about, but it was just the series of heavy physical instances in this man’s life that brought about the physical deterioration of his back, is that correct, sir?”
In Gorbach v. Praeger, Inc., La.App., 310 So.2d 604 (S.Ct.1975) the Supreme Court reversed an opinion of this Court, 300 So. 2d 618, in which we reversed the trial judge and found plaintiff to be entitled to Workmen’s Compensation benefits on the theory that while plaintiff did not prove any particular sudden accident he did prove repeated traumas or small strains over a period of time which finally caused a complete rupture of a weakened interver-tebral disc causing his inability to work. In reversing our decision, the Supreme Court said the following:
“The medical experts, in effect, testified that plaintiff’s back condition would likely have been aggravated by his duties as ■ a machinist. This medical opinion, however, does not of itself satisfy the requirements for proof of causation in the present case. Plaintiff’s back condition was chronic. The factual question is: Has the plaintiff established that the event that triggered the disability occurred on the job, rather than off the job in the automobile accidents. We think not.” (emphasis ours)
In the instant case the trial judge apparently answered the question posed by the Supreme Court above in the negative. Although plaintiff testified as to three separate accidents, and his testimony is corroborated to an extent by defendant’s records, there is no medical testimony that such accidents caused his ultimate disability. On the contrary, his own medical witness, Dr. Krieger, testified- that plaintiff’s. disability is not the direct result of any of the three accidents.
Accordingly, we have concluded that the plaintiff did not carry his burden of proof and the judgment of the trial court dismissing his claim is affirmed.
Affirmed.
LEMMON, J., dissents with written reasons.

. Plaintiff did not produce testimony or a report from Dr. Roberts.