332 So.2d 784 (1976)
Luther CHISM, Jr.
v.
KAISER ALUMINUM & CHEMICAL CORPORATION.
No. 57192.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
Orlando G. Bendana, New Orleans, for plaintiff-applicant.
Paul B. Deal, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
Plaintiff, Luther Chism, Jr., appealed from a judgment dismissing his suit for workmen's compensation benefits, and the Court of Appeal affirmed. 320 So.2d 566 (4th Cir., 1975). We granted writs to review the judgment. La., 323 So.2d 469 (1975).
In February of 1974, plaintiff was surgically treated for a herniated disc by removal of the disc and fusion of the lower spine. Plaintiff alleges that his condition was brought about by on-the-job accidents on June 8 and October 12, 1973, and February 7, 1974, which aggravated or exacerbated an underlying back condition. The employer, Kaiser Aluminum, denies any occupational accident occurred. The issue presented for our review is whether or not plaintiff's disability was caused by a work related accident under LSA-R.S. 23:1031, which provides:
"If an employee not otherwise eliminated from the benefits of this Chapter, receives *785 personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
"* * *"
The plaintiff has the burden of proving the causal relation by a preponderance of the evidence. The evidence, as a whole, must be sufficient to establish that it is more probable than not an occupational accident triggered the disability. Johnson v. Travelers Insurance Co., La., 284 So.2d 888 (1973); Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971).
Plaintiff testified that he had worked for Kaiser Aluminum since 1968, doing heavy manual labor which involved stooping and lifting heavy weights. He stepped in a hole on June 8, 1973, while on the job and sought medical treatment for back pain at the company first aid station. He received a course of heat treatments through June 20. In October, he suffered pain while at work, sought treatment at the first aid station, and then consulted his private physician.
The following February, while on the job, he again experienced pain, sought treatment from the first aid station, and was referred to the company physician. He also consulted his private physician. After several days of going to work and reporting to the first aid station, the pain became so severe that he was hospitalized on February 10. Surgery ensued.
Kaiser's records reflect the June accident and the heat treatments at the first aid station through June 20. There is no mention of the other accidents; there is, however, an entry on November 1, 1973, to the effect that he had missed nineteen days of work due to kidney and back trouble; he was hospitalized for six days and could return to light duty for the following ten days as recommended by his private physician. Other entries show that heat treatments were given at defendant's clinic throughout November and that Dr. Irving Redler would see plaintiff on November 14 and 26. Further, defendant's records show that, on February 7, 1974, plaintiff complained of increased pain in his back, requested and was refused light duty, and a heat treatment was administered. He again complained of pain and was sent to defendant's physician on February 8. Dr. Faust's report to the defendant diagnosed no new or recurrence of old injury, but a possible mild muscle irritation; he recommended limited work for three days.
At defendant's request, Dr. Redler examined plaintiff on November 14, 1973. Plaintiff told him that he began to suffer severe pains across the lower back on October 16; that the pain increased to the point that he was unable to walk and was hospitalized for six days; that he had since returned to limited duty but continued to have back pain; he improved to the point that he could walk and was being treated at the first aid center with heat applications on a daily basis. An X-ray examination showed incomplete sacralization on the fifth lumbar vertebra, developmental in origin, which, compared to X-ray of December, 1970, showed no change in appearance. Dr. Redler stated that the disability was minimal and should be resolved within ten days with the therapy being administered. He further reported that, when he saw plaintiff on November 29, plaintiff complained that the pain had increased. Dr. Redler's examination at that time showed no objective signs of disability and stated that residual disability was slight and plaintiff could return to regular work.
Dr. Charles W. Krieger first saw plaintiff on February 12, 1974, and plaintiff told him "that he received a back strain in 1969 while lifting equipment on the job. He subsequently had intermittent episodes of low back pain, which have gotten progressively worse in the past year." After examination and a myelogram, Dr. Krieger diagnosed a herniated disc, leading to the *786 surgical back fusion. Dr. Krieger's testimony was crucial regarding plaintiff's condition and its relationship to the alleged accidents.
Dr. Krieger's testimony was that plaintiff's condition, though aggravated by his work over a period of time, was not caused by any specific accident. He could not testify with certainty regarding when plaintiff's disc herniated. He concluded that his examination revealed that the plaintiff had the condition in February of 1974 and that the condition had existed for a considerable period of time before that date. He replied to the following question in the affirmative:
"Then the final thing was that you concluded from your history or you could not tell otherwise from your history that there was no particular on-the-job episode of an accident and injury that brought this about, but it was just the series of heavy physical instances in this man's life that brought about the physical deterioration of his back, is that correct, sir?"
In denying plaintiff's claim, the Court of Appeal relied heavily upon our decision in Gorbach v. Prager, Inc., La., 310 So.2d 604 (1975). We find Gorbach distinguishable from the present case. In Gorbach, the plaintiff failed to established that his aggravated back condition resulted from occurrences on the job rather than the automobile accidents occurring off the job. In the present case, the record discloses no causative event off the job.
Assuming that plaintiff had a back defect before beginning his long employment with defendant, the jurisprudence amply supports the principle that workmen's compensation is payable when an occupational'accident aggravates or accelerates a pre-existing condition and produces disability. LSA-R.S. 23:1021; Johnson v. Travelers Insurance Co., supra, and cases cited therein. When the ligaments, cartilages, or organs of the body give way because of exertion on the job, as in the case before us, the injury is compensable. Gorbach v. Prager, Inc., supra; Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968).
It is true that the record does not establish which of the several occupational incidents finally ruptured the disc. We find that it does establish, however, that one or more of the accidents on the job aggravated plaintiff's back condition to the extent that he became disabled. Thus, under the jurisprudence, the plaintiff has discharged his burden of proof. Concededly, his disability is total and permanent within the meaning of the statute. Hence, he is entitled to workmen's compensation as provided by LSA-R.S. 23:1221.
Plaintiff alleges aggregate medical expenses of $12,500.00. However, the aggregate is not admitted by defendant, and the record reflects that plaintiff and defendant agree that some of these expenses have been paid by the defendant. Other expenses may have been incurred since the trial. In the interest of justice, we will remand the case to the trial court for determination of medical expenses. LSA-C.C. P. Art. 2164.
For the reasons assigned, the judgment of the Court of Appeal is reversed; judgment is rendered in favor of plaintiff, Luther Chism, Jr., and against Kaiser Aluminum & Chemical Corporation for workmen's compensation at the rate of $65.00 per week from February 7, 1974, for a period not exceeding 500 weeks, with legal interest on each installment from due date until paid, subject to a credit for any payments made by defendant; all costs of court are assessed against defendant; the fee of each expert witness who testified at trial is fixed in the sum of $100.00 and taxed as costs; the fee of plaintiff's attorney, payable out of the award made, is fixed at 20% of the first $5,000.00 of the award, and 10% of the award exceeding $5,000.00, as provided by law.
*787 It is further ordered, adjudged, and decreed that the case be remanded to the district court for the fixing of medical expenses.
SUMMERS, J., dissents for reasons assigned.
SUMMERS, Justice (dissenting).
I do not agree that the findings of the trial judge and the Court of Appeal on this purely fact question should be reversed for the very tenuous reasons assigned by this Court.
I respectfully dissent.