BLANCHE, Justice.*
This case has been passed upon by the Court of Appeal on two occasions. On the first hearing, the court found that an accident did, in fact, occur on February 8, 1975 when plaintiff, while attempting to put on a raincoat, felt a sharp pain in his neck. The court, unable to decide from the evidence a connexity between plaintiff’s disability and the accident, remanded the case for the limited purpose of determining the “relationship or non-relationship between the accident and the disability.”
On remand, the trial judge found such a relationship, even though he stated that the doctor who had examined plaintiff “was not as affirmative regarding the disability of which plaintiff now complains and the accident of February 8, 1975” and “Dr. Ruli’s position and testimony can not be definitively evaluated in terms of medical certainty and evidence from a workmen’s compensation viewpoint, and specifically in answer to the question of whether the February 8, 1975 accident aggravated the dormant cervical problems to a point where it rendered plaintiff totally and permanently disabled. In fact, the doctor testified it is difficult to judge how much permanent injury (disability) was done on February 8, 1975.”
Considering the above finding, it would seem that the trial judge was in the same position as the Court of Appeal when it originally remanded the case, i. e., being unable to find a relationship between the accident and disability. Nevertheless, the trial judge went on to find there was such a relationship, and again awarded full compensation benefits. The case was again appealed to the Court of Appeal and the majority of the court found with one dissent:
“Dr. Ruli’s testimony does not support plaintiff’s claim that the February 8 incident disabled him (as plaintiff theorizes) by a permanent aggravation of his preexisting and previously though intermittently symptomatic ‘slight narrowing of the intervertebral space between C-5 and C-6 posterially’ with slight foraminal encroachment.”
We agree. Our review of the evidence discloses a persistent refusal by Dr. Ruli to relate the February 8 incident to any permanent disability which plaintiff may have suffered. In fact, at one point in the doctor’s testimony, he indicated that in his opinion, the February 8 incident only temporarily aggravated the pre-existing condition. In fairness to Dr. Ruli, we are of the opinion that he was not in a position to give definitive testimony with regard to plaintiff’s disability. In the first place, he did not examine him for a workmen’s compensation claim. He was the medical examiner for the Firemen’s Pension Board and examined him for disability retirement. His report focused on a neck injury which plaintiff suffered in 1965. His medical specialty was that of an internist as distinguished from an orthopaedic specialist, and he had not treated plaintiff for any problem referable to his neck. In fact, Dr. Ruli had not even taken a history of plaintiff until after the present suit was filed in 1976. We therefore agree with the Court of Appeal and conclude that plaintiff did not prove by a preponderance of the medical evidence that the accident of February 8, 1975 had any causal connection with his claim for total and permanent disability.
Realizing the inconclusive nature of the doctor’s testimony, plaintiff argues that *CLIX even if he cannot pinpoint the February 8 accident as causing a deterioration of his condition, he should still recover on the basis of Chism v. Kaiser Aluminum, 332 So.2d 784 (La.1976). In that case, we held that an employee was entitled to workmen’s compensation benefits even though the record failed to establish which of several occupational incidents resulted in final rupture of a back disc where the record did establish one or more job-related accidents had aggravated the plaintiff’s condition. The record does not show any accidents causing recurring back and neck problems prior to the February 8 accident. Dr. Ruli’s disability retirement report indicated that a work-related accident in 1965 initiated plaintiff’s condition, and while plaintiff also had many other accidents over the years, they involved injuries other than to his neck or back. Any causes of action based on these accidents, however irrelevant to plaintiff’s present condition, have now prescribed. R.S. 23:1209. The only accident falling within the prescription period for workmen’s compensation is the one on February 8, and we have concluded plaintiff failed to prove it was causally related to his present condition. We regard Chism, supra, as factually inapplicable as there we found multiple accidents, all within the prescription period, and all aggravated or deteriorated the plaintiff’s disc problem.
The decision of the Court of Appeal rejecting plaintiff’s suit at his costs is affirmed.
DIXON and CALOGERO, JJ., dissent.
DENNIS, J., dissents for the reasons assigned by the dissenting court of appeal judge.

 Chief Judge Paul B. Landry, Jr., retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J., upon this case.