397 So.2d 529 (1981)
John L. HARPER, Plaintiff-Appellee,
v.
KAST METALS CORPORATION et al., Defendants-Appellants.
No. 14508.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1981.
Rehearing Denied May 1, 1981.
Writ Denied June 22, 1981.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendants-appellants.
Timothy R. Fisher, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
En Banc. Rehearing Denied May 1, 1981.
PRICE, Judge.
Plaintiff, John L. Harper, instituted suit for workmen's compensation benefits against his former employer, Kast Metals Corporation, and its insurer, Fidelity and Casualty Company of New York, seeking total and permanent disability payments, penalties, and attorney fees. Plaintiff alleged that he was unable to perform his work without enduring substantial pain in both wrists as a result of an accident he suffered during the course and scope of his employment, or alternatively, from an occupational disease he contracted while in Kast Metals' employ. The trial court found plaintiff had suffered a work-related accident *530 which was causally related to the resulting disability to his wrists. The court awarded plaintiff $117.93 per week for a period of 450 weeks under the partial disability provisions of La.R.S. 23:1221, but denied his claims for penalties and attorney fees. From the judgment finding plaintiff partially disabled as a result of a work-related accident, defendants appeal. We affirm.
The evidence shows plaintiff to be an illiterate manual laborer with a sixth grade education. He began work with Kast Metals in 1975, primarily employed as a chipper and a magnaflex operator. Both of these jobs entailed heavy physical work, including continuous lifting of heavy cast metal products. While working in both capacities, plaintiff periodically experienced some soreness in both his wrists. However, on or around August 14, 1978, he allegedly twisted his left wrist while working as a chipper on a pneumatic grinder. Plaintiff's supervisor filled in first aid authorization slips dated August 15 and 16, 1978, wherein he indicated plaintiff had sustained a plant injury to both wrists. Plaintiff reported to the company First Aid Station on August 15 and received treatment for his wrists and was told to return the following day before reporting to work. Plaintiff's employee health record indicated he did not return to the First Aid Station nor did he ever return to work. Within a few days from the time of the alleged accident, plaintiff sought medical treatment and eventually underwent surgery on his left wrist.
On September 8, 1978, plaintiff filed a claim for disability benefits under defendant's health and disability insurance policy with Prudential Insurance Company. Prudential paid disability benefits to plaintiff until plaintiff made a claim for workmen's compensation benefits in December of 1978. Plaintiff was subsequently denied workmen's compensation benefits and this suit was filed shortly thereafter.
Medical testimony in the form of depositions was given by two orthopedists, Dr. Ray E. King and Dr. Thomas A. Norris. While Dr. King was the physician primarily involved in Mr. Harper's treatment, Dr. Norris performed a thorough evaluation of the plaintiff at the request of the defendants. For the most part, testimony given by these two orthopedic specialists concerning plaintiff's injury was consistent. Dr. King first examined plaintiff on September 26, 1978, at which time he noted plaintiff's complaints of pain in both wrists and observed signs of swelling, especially in plaintiff's left wrist. Dr. King diagnosed plaintiff's condition to be traumatic arthritis caused by a series of trauma to plaintiff's wrists. Dr. Norris testified that he found plaintiff suffered from degenerative arthritis. Nevertheless, both doctors acknowledged that plaintiff's arthritic condition was probably caused by, or at least greatly aggravated by, the heavy manual labor plaintiff performed while working at Kast Metals.
The trial court found that the weight of the evidence presented showed that plaintiff had suffered an accident at Kast Metals in mid August 1978. The court found plaintiff's testimony concerning the accident was corroborated by the testimony given by plaintiff's wife and substantiated by the following facts: plaintiff's supervisor indicated on both first aid slips that plaintiff's injury was plant related; the Prudential claim form indicated the first day plaintiff was unable to work was August 16, 1978; plaintiff's employee health record showed his last day of work to be August 15, 1978; and plaintiff sought medical treatment for his wrists for the first time in September 1976.
On appeal defendants specify as error:
(1) That the trial court found plaintiff had suffered a work-related accident;
(2) That the trial court classified plaintiff's arthritic condition as a compensable accident within the meaning of the Louisiana Workmen's Compensation Act; and
(3) That the trial court in finding plaintiff had suffered an accident in the course of his employment, found that the accident was a cause of plaintiff's disability.
*531 Defendants' primary argument on appeal is that plaintiff failed to establish that he had suffered a work-related accident as required under the Louisiana Workmen's Compensation Act. More specifically, defendants complain that plaintiff's version of an accident is weakened because plaintiff did not indicate to his supervisor, the first aid officer, nor Dr. King that his injury was caused by an on-the-job accident. Furthermore, defendants contend plaintiff's case is unsupportable because on his application for disability benefits he indicated his injury did not arise out of his employment. Defendants argue that plaintiff's condition is solely attributable to a gradual deterioration caused by the interaction between the heavy lifting on the job and plaintiff's pre-existing degenerate arthritis.
Findings of the trial judge on factual issues in a workmen's compensation case are entitled to great weight and are not to be disturbed except on a showing of manifest error. Newell v. United States Fidelity & Guaranty Co., 368 So.2d 1158 (La.App. 3d Cir. 1979) and cases cited therein; Guidry v. Ford, Bacon and Davis Construction Corporation, 376 So.2d 352 (La.App. 3d Cir. 1979); Farrar v. Guy Atkinson Co., 325 So.2d 893 (La.App. 2d Cir. 1976); Rivers v. Macco, 391 So.2d 873 (La.App. 4th Cir. 1980).
In the instant case, this court cannot conclude that the trial court was clearly wrong in its determination that plaintiff suffered an on-the-job injury to his wrists which was causally related to his disability. Under the prevailing trend of the jurisprudence it is not necessary that plaintiff prove his disability results from a sudden unexpected traumatic event. It is sufficient to show merely that the disability was caused by a work activity which can be gradual and progressive in nature. See Gales v. Great Atlantic & Pacific Tea Co., 342 So.2d 241 (La.App. 4th Cir. 1977), writ denied 343 So.2d 1077 (La.1977).
The trial court reviewed the pertinent jurisprudence and other authorities on this question in a thorough and well-reasoned written opinion which we incorporate herein and adopt as our own view in this opinion as follows:
"Louisiana courts have broadly interpreted the term `accident' as defined in R.S. 23:1021(1) to the point that the statutory requirements for an accidental injury are present `... when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown.' Ferguson v. HDD, Inc., 270 So.2d 867 at 869 (La.1972). See Malone and Johnson, Workers' Compensation 2d Ed. Sections 211-217 (1980), Louisiana Civil Law Treatise."
"Moreover, the fact that a condition may be referred to as an illness or disease does not preclude its classification as an accident. Parks Insurance Co. of North America, 340 So.2d 276 (La.1976). An accident which aggravates or accelerates a pre-existing condition is compensable even where disability is not caused by a single or specific incident. Chism v. Kaiser Aluminum and Chemical Corporation, 332 So.2d 784 (La.1976). The courts have expanded the interpretation of the term accident to encompass the instant situation."
"`The net result of years of interpretive jurisprudence seems to be that if the "result" of an event or series of events is "accidental" (and certainly almost any injury or change in the physical structure of the body would classify as "accidental"), the requirements of this section of the Act are satisfiedwithout regard to whether the "cause" was accidental.'" Malone-Johnson, 2d Ed. 214, p. 435.
"A case illustrating an event that was determined to be an accident is Gales v. Great Atlantic and Pacific Tea Co., 342 So.2d 241 (La.App. 4th Cir. 1977), wherein the claimant suffered a gradual development of rheumatoid arthritis after being exposed to great differences in temperature in his work over an extended period of time. The court believes this case is factually close on point to the present one, and defendant's attempt to distinguish the case is not convincing."
*532 "The current view in the jurisprudence concerning the instant situation may be summarized as follows:
"`... compensation may be allowed * * * even for a normal or usual occurrence which produces no immediate indication of the full extent of the injury if the court is otherwise satisfied that there is a causal relation between the job and the disability.'" Malone-Johnson, 2d Ed. 216, p. 445.
"In the present case, the court is satisfied that a preponderance of the evidence shows that a causal relationship has been established between the job and the disability. Both physicians who examined plaintiff agreed that his job most probably caused plaintiff's arthritis. The court further considers the evidence and testimony that an injury occurred on or about August 15, 1978 that disabled plaintiff, in light of the above jurisprudential interpretation of the Compensation Act."
"Further cases dealing with similar factual situations support the court's decision."
"Lum v. Employer's Mut. Lia. Co. of Wis., 216 So.2d 889 (La.App. 2d Cir. 1968), cert. denied 219 So.2d 175 (1969), presented issues similar to the present one. There the claimant was afflicted with a pre-existing condition of arthritis. Her assembly-line job required constant motion of the wrist. She suffered arthritic pain for several months on the job, until her wrist finally `popped' one day while in the course of her employment."
"As in the present case, the defendant in Lum attempted to make much of the fact that the claimant there did not give the treating physician a history of an accident on the claimant's first visit to the physician. The Second Circuit dismissed this argument, since the overall record established the necessary facts."
"The Second Circuit in Lum reiterated the general rule that an employee disabled by an accident is protected and is to be compensated even though the disease or weakened condition might have produced disability in any event. The court further stated:
`Thus, an employee's disability is compensable when precipitated by an industrial accident, even though a pre-existing, dormant physical condition or predisposition has contributed thereto.' 216 So.2d 889 at 892.
The court concluded:
`We are of the opinion that plaintiff sustained an "accident", as the word is defined in the Workman's Compensation statute (LSA-R.S. 23:1021, subd. (7)[1]), which worsened and aggravated a pre-existing arthritic condition resulting in her total disability.' 216 So.2d 889 at 893."
"The Third Circuit Court of Appeal followed these principles in Roberson v. Liberty Mutual Ins. Co., 316 So.2d 22 (La.App. 3d Cir. 1975). The claimant there suffered a severe `jerk' to his lower back. There was a divergence of medical opinion as to the cause of the problem, but the Court stated:
`... an employee's disability is fully compensable when precipitated by an industrial accident, even though caused, also, by a contributing, pre-existing, dormant physical condition, or pre-disposition.' 316 So.2d 22 at 25.
The court concluded:
`After reviewing all of the evidence, we cannot say that plaintiff's disability is due solely to the pre-existing arthritic condition. At the very least, the evidence indicates that the January 1974, accident aggravated the arthritic condition to an extent that the plaintiff subsequently became disabled.' 316 So.2d 22 at 26."
"Finally, the case of Warnke v. Owens-Illinois, Inc., 326 So.2d 881 (La.App. 4th Cir. 1976), is easily distinguishable from the instant one. In Warnke the claimant was unable to substantiate a work-related accident that aggravated her pre-existing degenerative arthritis. Her claim was totally uncorroborated by any proof of a single accident or even series of accidents, and the court properly denied compensation."
"In the present case, the court feels there is sufficient evidence of a work related accident that occurred on or about August *533 15, 1978, to bring plaintiff within the coverage afforded by the Compensation Act. This determination is based on the preponderance of evidence and testimony adduced at trial, and is considered in light of similar factual cases and judicial interpretations of an `accident' as that term is used in the Act. See Malone-Johnson, 2d Ed. 232, pp. 487-493."
For the foregoing reasons, the judgment awarding plaintiff workmen's compensation benefits is affirmed. Costs of this appeal are taxed to defendants-appellants.