EDWARD J. STOULIG, Judge Pro Tern.
Plaintiff, Melvin Gorbach, has appealed a judgment dismissing his suit for workmen’s compensation benefits he alleges are due by defendant Buck Kreihs Company, Inc. for an industrial accident on September 28, 1974, which totally and permanently disabled him from pertaining his pre-injury job as a machinist.
The trial judge concluded he failed to prove his back disability was either caused or aggravated by an accident while he was employed at Kreihs. In reasons for judgment the trial court noted the Supreme Court holding in Gorbach v. Prager, Inc., 310 So.2d 604 (La.1975), another workmen’s compensation claim by this same plaintiff for an alleged job-connected disability which predated this one. In Prager the court stated there was no doubt that Gor-bach was totally and permanently disabled; however, it was held he failed to prove his chronic back condition resulted from an on-the-job injury.
No stranger to litigation Gorbach has filed multiple claims blaming the same back condition on several car accidents or other job-related traumas with different employers. At the time this accident was allegedly sustained, the law defined total and permanent disability for skilled workmen as the inability to perform a substantial amount of the duties the particular skill required. Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543 (1962). We need not decide whether plaintiff’s totally disabling condition found by the Prager court could be compensable again if his injury was worsened by the Kreihs accident because plaintiff failed to prove the casual connection between an aggravation of his back condition, if any occurred, and the September injury.
In Gorbach v. Prager, Inc., infra, the court pointed out disability is compensable only if it was caused by a work-related accident. R.S. 23:1031.
In reviewing this record we find no evidence to disturb the trial court’s conclusion. Dr. Ray Haddad, plaintiff’s treating orthopedist who performed a laminectomy in 1970, stated he thought the September, 1974 job accident further aggravated plaintiff’s back condition; however, in giving Dr. Haddad his history on October 1, 1974, plaintiff failed to mention an alleged back injury in April, 1974, when he was working for Superior Industries, Inc. and for which he received treatment from another doctor. The history a patient gives his doctor has little probative value if relevant facts have *1269 been omitted, as they were in this case. Dr. Haddad rested his opinion of aggravation on the- fact that he found evidence of pain in the right leg that he had not observed before. However, plaintiff had experienced several traumas between the time he saw Dr. Haddad in 1973 and the next time he saw him in October, 1974.
It is now well settled that a compensation claimant has the burden of proving the causal connection between the alleged accident and the disability. The evidence as a whole must be sufficient to establish that more probable than not an occupational accident caused or aggravated the disability. Johnson v. Travelers Insurance Company, 284 So.2d 888 (La.1973); Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). The trial court’s determination that plaintiff failed to meet this standard of proof required to sustain his right to compensation disability benefits arising out of his employment with defendant is amply supported by the record. Therefore, under the mandate of Canter v. Koehring Company, 283 So.2d 716 (La.1973) this court is bound to affirm the judgment of the trial court.
For these reasons, the judgment appealed from is affirmed at appellant’s cost.