CURRAULT, Judge.
In this workmen’s compensation suit plaintiff, Larry Loyd, sought workmen’s compensation benefits from,the defendants, Ecko Fabricating Company, Inc. and Maryland Casualty Company. From a judgment rejecting his demand, plaintiff has appealed.
Plaintiff, Mr. Larry Loyd, a 35 year old pipe fitter, has worked in the pipe fabrication industry for approximately 15 years, the last seven years in the defendant’s employ. Plaintiff testified that during either August or September, 1979, while working with heavy pipe, he experienced an episode of pain in his back that moved down through his hips and into his legs. He consulted Dr. Matta who hospitalized and performed a myelogram on him. After being assured by Dr. Matta that the myelo-gram indicated there was nothing seriously wrong with his back, Mr. Loyd returned to work. Although absent from work for approximately two weeks, he did not file an accident report.
Mr. Loyd further testified that after returning to work, he experienced a gradual onset of the same pain until the fall of 1980, and when the pain became intense, he sought further medical treatment.
On August 28, 1980, Mr. Loyd saw Dr. Flynn, a neurosurgeon located in Baton Rouge, Louisiana. Dr. Flynn’s initial finding was an L — 4 disc rupture on the left side. Mr. Loyd was hospitalized on September 1, 1980, and further evaluation was conducted. On September 3,1980, an electromyelogram was performed and several additional X-rays were taken. Dr. Flynn’s medical opinion at this time was that Mr. Loyd probably had a disc herniation with sciatica. The disc herniation was addressed with surgical intervention, an intralaminal disc excision, on September 3,1980. Mr. Loyd was subsequently discharged on September 6, 1980.
Mr. Loyd was then seen on September 8, 1980, just two days later, at the emergency room of Baton Rouge General Hospital complaining of severe lower back pain. *1065 Tests were conducted but did not reveal any evidence of complication and Mr. Loyd was sent home. Mr. Loyd was then seen three times by Dr. Flynn during his six weeks postoperative recovery period; first seen on September 25, 1980, and then again on October 7, 1980. As a follow-up of the October 7 visit, Mr. Loyd was hospitalized for intensive physical therapy including the use of a percutaneous neurostimulator. Mr. Loyd’s stay was brief and after being released he demonstrated signs of improvement. However, Mr. Loyd’s condition again worsened and he was seen a third time. As a result, he was readmitted to the hospital on October 29, 1980, upon the orders of Dr. Flynn. This hospitalization lasted until November 7, 1980. During this stay, Mr. Loyd received only further therapy. After being released, Mr. Loyd seemed to improve but was still having severe pain. When Dr. Flynn saw him on a November 24, 1980 office visit, Dr. Flynn recommended hospitalization.
On December 5,1980, Mr. Loyd was readmitted to Baton Rouge General Hospital. Several studies were performed including a computerized tomogram or CAT scan and a repeat lumbar myelogram. As a result of these studies Dr. Flynn re-operated on Mr. Loyd, exploring both the L-4 and L-5 disc interspaces. However, no recurrent disc rupture was found and Mr. Loyd was released on December 23, 1980. Mr. Loyd then returned home and began a progressive recovery.
Plaintiff filed suit November 26,1980, for workmen’s compensation benefits, statutory penalties and attorney’s fees. Judgment was rendered without written reasons and signed on March 10, 1982, denying compensation benefits, penalties and attorney’s fees to plaintiff. Plaintiff has appealed this denial. We affirm.
On appeal, plaintiff-appellant raises two specifications of error: that (1) the trial court erred in failing to apply the “developing injury theory” to the facts of this case; and that (2) the trial court erred in failing and refusing to allow penalties and attorney’s fees from defendant.
Findings of the trial judge on factual issues in a workmen’s compensation case are entitled to great weight and this court will not disturb such findings except on a showing of manifest error. Harper v. Kast Metals Corp., 397 So.2d 529 (La.App. 2d Cir.1981).
In the instant case, this court cannot conclude that the trial court was clearly wrong in rejecting the “developing injury theory.” This proposed theory is a legislative innovation and is rooted in LSA-R.S. 23:1209[1] which imposes the time limitations on the institution of a suit for workmen’s compensation benefits. Generally, the claimant brings suit within one year of the accident. However, if the injury does not develop immediately after the accident, the claimant then brings suit within one year from the time the injury develops. The injury is deemed sufficiently developed to interrupt prescription whenever the disability prohibits the workman from substantially performing the duties of his employment. Palmer v. Carter Federal Credit U., 397 So.2d 50 (La.App. 2d Cir.1981).
Consistent with the “developing injury theory” is the prevailing trend of jurisprudence that it is not necessary that plaintiff prove his disability resulted from a sudden unexpected traumatic event, i.e., accident. Plaintiff need only show that his disability was caused by a work activity which can be gradual and progressive in nature. Harper v. Kast Metals Corp., supra. However, this causal connection must be established by the evidence as a whole. Gorbach v. Buck Kreihs Co., Inc., 398 So.2d 1267 (La.App. 4th Cir.1981). Where, as in the instant case, the plaintiff’s disability does not relate back to a singular traumatic *1066 event but is instead alleged to be a result of the occupation, the same burden of proof must be carried by the plaintiff. That is, based on the preponderance of evidence and testimony adduced at trial, it could be determined that more probable than not the disability is the result of the occupation. Harper v. Kast Metals Corp., supra.
To hold that the trial court erred by failing to apply the “developing injury theory” would be a disturbance of the trial court’s factual findings. In reviewing this record we find no evidence sufficient to disturb the trial court’s conclusion. Dr. Plynn, plaintiff’s treating neurological surgeon who performed the intralaminal disc excision, stated that he had no opinion as to the etiology of Mr. Loyd’s back problems. Those problems were diagnosed as herniated lumbar disc with some form of inflammatory arthritis of the spine. Both conditions evidently existed for a considerable period of time. Dr. Flynn testified that some degeneration of the disc space was simply due to the plaintiff’s age. He further added that any physical labor including bending, lifting, and stooping would certainly aggravate these preexisting conditions. Dr. Flynn concluded that it was a probable assumption, to a degree of medical certainty, that the nature of the plaintiff’s work aggravated his preexisting problems to the point that they became disabling.
However, plaintiff also testified he has lived on a farm all of his life. He stated that while employed with defendant he also ran a farm that at one time consisted of 40 acres. Plaintiff’s work on this farm involved the maintenance of cattle and horses. Such maintenance consisted of arduous manual labor. This labor included repairing fences, bushhogging, planting pasture, feeding, watering, hauling animals, and moving large round bales of hay with a tractor.
Mr. Kachler, the employer’s shop supervisor, testified that the tools involved at the defendant’s business were not themselves heavy. He further stated that the pipes and fittings were the heaviest things handled. Mr. Kachler added, however, that the shop provided helpers and electric five-ton hoist overhead cranes to handle the heavier items.
The trial court’s determination that plaintiff failed to meet his standard of proof required to sustain his right to compensation disability benefits arising out of his employment with defendant is amply supported by the record. This court is bound to affirm the judgment of the trial court under the mandate of Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. LSA-R.S. 23:1209 (in pertinent part): “Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”