BOUTALL, Judge.
Appellant Jill Wingfield Reeve was plaintiff below in a worker’s compensation suit. From a judgment dismissing her suit, she appeals. We affirm for the reasons given below.
Some three years after an alleged work-related accident, when the compensation carrier discontinued payments to her, Jill Reeve filed suit against her former employer Pizza Hut of America, and its insurer St. Paul Fire and Marine Insurance Company.
A bench trial was had on June 18, 1981. Judgment was for defendants. The trial judge in a detailed explanation, gave his reasons for judgment as follows:
“Jill Wingfield Reeve has filed suit against Pizza Hut of America and its insurer, St. Paul Fire and Marine Insurance Company, alleging that on September 20,1977, while in the course and scope of her employment at a Pizza Hut restaurant, she developed a disabling and persistent back pain, later diagnosed as the result of spondylolisthesis, the slippage forward of one vertebra on an adjacent vertebra. After an operation and various clinical therapies, the plaintiff alleges that as a result of the condition in question she is presently totally and permanently disabled and is thus entitled to workmen’s compensation benefits for the duration of her disability.
“At trial the plaintiff testified, in direct contradiction of statements made in her pre-trial deposition, that she had been involved in an automobile accident in February of 1977, eight months prior to the date the alleged condition occurred. The plaintiff also admitted that in June of 1977 she went to Dr. Paul Gaines with complaints of pains in her back. Dr. Gaines testified that he referred the plaintiff to Dr. George Byram, an orthopedic surgeon. Dr. Byram stated that in July of 1977 the plaintiff complained to him of low back pains and difficulty in performing her job. Dr. Byram diagnosed the plaintiff as suffering from spondylolisthesis and a lumbar sprain.' After placing the plaintiff on medication and prescribing bed rest, she later returned to work with little change in her condition.
“On September 20, 1977, the date the alleged condition surfaced, the plaintiff sought medical treatment from Dr. John Watermeier. At that time, the plaintiff failed to relate to Dr. Watermeier the prior auto accident or the alleged onset of the condition at her job. In addition to being examined by Dr. Byram and Dr. Watermeier, the plaintiff was subse *639 quently examined by Drs. George C. Bat-talora and H.R. Soboloff. At the time of her examination by Dr. Battalora, the plaintiff stated that her back pain was gradual in onset and was not related to any incident or injury at work. When examined by Dr. Soboloff, she specifically denied prior back problems when questioned of this.
“As to the causation of the plaintiffs condition, Drs. Byram, Soboloff and Bat-talora were of the opinion that the auto accident was the precipitating cause of the plaintiff’s condition. Dr. Byram testified that Ms. Reeve could possibly have been a candidate for surgery in July of 1977 when he last saw her. Relying upon the incorrect history of the plaintiff’s condition given to him by the plaintiff, Dr. Watermeier diagnosed the plaintiff’s condition as spondylolisthesis aggravated by work activity.
“This Court finds, as a result of the unreliable nature of the plaintiff’s testimony and the conflicting opinions of the causation of her condition, that the plaintiff has failed to prove by a preponderance of the evidence the time of the onset of her condition or its work related nature.”
On appeal appellant has raised largely factual issues. Whether appellant has sustained a work-related injury is a question of fact. The trial court’s determinations of fact and his assessments of witnesses’ credibility will not be disturbed on appeal when the record discloses a reasonable factual basis for the trial court’s findings, unless such findings are clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973). In Canter the Louisiana Supreme Court explained this principle of appellate review in the following terms:
“... the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
The trial judge’s reasons for judgment reflect his finding that plaintiff did not carry her burden of proof. We have reviewed the record before us and we find no reversible error in the trial court’s appreciation of the facts of this case. We note that the plaintiff testified that she was involved in an automobile accident in June, 1977, three months prior to the alleged accident of September 21, 1977 and that she had received medical treatment therefor. She gave an account to Dr. Gaines of an automobile accident on February 16, 1977, over seven months prior to the work-related incident.
As to the events of that day, September 21, 1977, plaintiff testified that she had been working with pain all day because she was forced to work overtime, and that toward the end of the day as she reached up to put an order ticket on the order rack: “there was so much pain in my back it just felt like it weighed a lot of weight and I went down to my knees and started to fall.” She also testified that her back had been bothering her for about two weeks before that as a result of pulling double shifts and doing a lot of work because her employer was low on help. This testimony seems to be compatible with the one thing upon which all doctors agreed, and that was that the root of plaintiff’s problem is a congenital back defect, spondylolisthesis. Plaintiff’s work as waitress may have caused some aggravation of her condition but under the medical proof and the facts of this case, we cannot say that there is sufficient proof to show that the work-related incident caused her condition. See Gorbach v. Prager, 310 So.2d 604, 605 (La.1975). We believe the summation of the medical testimony as given by the trial court to be a fair appraisal of that testimony and will not disturb his findings.
*640 For these reasons, judgment appealed from is affirmed.
AFFIRMED.