326 So.2d 881 (1976)
Rita Mae WARNKE
v.
OWENS-ILLINOIS, INC., and the Aetna Life and Casualty Company.
No. 7252.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
Robert B. Thorne, for plaintiff-appellant.
Adams & Reese, Harold A. Thomas, New Orleans, for defendants-appellees.
Before GULOTTA, SCHOTT, and BEER, JJ.
BEER, Judge.
Plaintiff-appellant, Rita Mae Warnke (hereafter, Warnke) filed this workmen's compensation claim against defendants-appellees, Owens-Illinois, Inc. and Aetna Life and Casualty Company (hereafter referred to jointly as Owens) seeking permanent and total disability due to an injury to her back sustained as a result of an alleged work related accident on or about August 18, 1971.
The trial court dismissed Warnke's claim concluding that she had not been injured in a work connected accident. Believing the trial court's conclusion not manifestly erroneous, we affirm.
The sole question before us is the correctness of the trial court's finding that Warnke did not experience a work connected *882 accident. In this connection, the court was obliged to make a credibility determination with respect to the validity of plaintiff's version of an incident which she contends was the accident which provoked her disability.
Although Warnke contends that some time during the week of August 18, 1971 she experienced a "terrible headache" and sensations in her neck which she allegedly reported to her foreman, the foreman was not called to verify the contention and her testimony on this critical point is totally uncorroborated. Also, as noted by the trial court, she was unable to ". . . really say when the back trouble started." Perhaps most compelling is the uncontroverted evidence that, at an unsuspecting time, plaintiff herself acknowledged that her alleged disability was not accident related. This coupled with her treating physician's history which describes her discomfort as a gradual worsening without any spectific incident of onset makes it clear to us that the trial court's conclusion on this important point is correct.
The record does support a conclusion that Warnke has experienced the removal of a herniated cervical disk as a result of an operation performed by Dr. Raeburn C. Llewellyn in September 1971. The fact of the operation does not, however, alter plaintiff's burden of proving that an accident occurred. Bryant v. Slidell Memorial Hospital, 243 So.2d 285 (La.App.1st Cir. 1970) writ refused, 257 La. 990, 244 So.2d 859.
Although an "accident" may, more likely, be noticed by a workman who suffers from degenerative arthritis simply because it takes less trauma to cause pain, some injury must have been sustained to make the resulting disability compensable.
The jurisprudential interpretation of the act requires that there be an actual precipitous accident, not simply a gradual deterioration or progressive degeneration. LSA-R.S. 23:1021(1), R.S. 23:1031.
With respect to this narrow issue, the trial court's creditability call with respect to the happening of an accident necessarily decides the outcome. We find no basis in the record for disturbing the trial court's determination for it was not manifestly in error.
Accordingly, the judgment is affirmed at appellant's cost.

Affirmed.