467 So.2d 621 (1985)
Preston MELANCON, Plaintiff-Appellant,
v.
Martin MILLS, et al., Defendants-Appellees.
No. 84-251.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*622 Lawrence O. Guillory, Lafayette, for plaintiff-appellant.
Voorhies & Labbe, John N. Chappuis, Lafayette, for defendants-appellees.
Before FORET, STOKER and KNOLL, JJ.
FORET, Judge.
This appeal is from a judgment dismissing the plaintiff's claim for workmen's compensation benefits from the defendants, Martin Mills, and its insurer, CNA Insurance. The trial court based its decision on the plaintiff's failure to prove a compensable "accident" within the meaning of LSA-R.S. 23:1021(1). The plaintiff has appealed that finding. We affirm the judgment of the trial court.
The plaintiff, Preston Melancon, began working for defendant, Martin Mills, sometime in 1976 as a receiving clerk in the company's warehouse. In his capacity as receiving clerk, the plaintiff inventoried stock in the warehouse and helped to unload shipments of materials and goods to the warehouse. Some of the boxes which the plaintiff helped to unload weighed as much as one hundred pounds. In January of 1979, the plaintiff suffered a pulled muscle in his back while unloading stock in the warehouse. He was treated by Dr. deMahy for a pulled muscle and was eventually released from the doctor's care some three or four weeks later. Plaintiff did not work during that time and was paid compensation by Martin Mills. The plaintiff complained of back trouble in December of 1981 to his immediate supervisors, but no further action was taken by either the plaintiff or Martin Mills. The supervisors did not report the incident as an accident, nor did they direct the plaintiff to seek medical attention. The plaintiff did not himself seek medical attention for the alleged problem, missed no work, and said nothing further to anyone.
In April of 1982, during a routine pre-employment physical for another company with which plaintiff was seeking part-time employment, it was discovered that the plaintiff had degenerative disc disease, osteoarthritis and calcification of the aorta. Plaintiff was rejected for employment with the other company. On May 4, 1982, plaintiff claimed that while unloading heavy boxes of elastic, he suffered an injury to his back. No one was present at the time of the alleged accident, and, though plaintiff testified that he reported it to his immediate supervisor, Donald Landry, Mr. Landry was not called to corroborate the plaintiff's testimony. Another supervisor testified that no elastic had been received in the warehouse that day and produced records of shipments received by the warehouse. Plaintiff testified that he left work after informing Mr. Landry of his plans to seek medical attention.
Plaintiff consulted Dr. deMahy again to confirm the findings of the examination conducted several days earlier by Dr. Carroll. Dr. deMahy said that plaintiff did come to him requesting an x-ray examination, which the doctor performed. Plaintiff did not inform the doctor that he had suffered an injury while at work, but instead reported that he had been told that he had a bad back and wanted to see about it. Plaintiff requested that Dr. deMahy give him a slip for light duty, to bring back to Martin Mills. Dr. deMahy's evaluation of the plaintiff for Martin Mills was that he was disabled from lifting objects in excess of twenty-five pounds. Plaintiff was discharged from his job several days later because Martin Mills was unable to find a position for him in the warehouse which would be strictly light duty.
The trial court found that no "accident" had occurred on May 4, 1982, which would entitle the plaintiff to benefits. The trial court cited the case of Warnke v. Owens-Illinois, Inc., 326 So.2d 881 (La.App. 4 Cir. 1976), in support of its conclusion that there must be an actual precipitous accident, *623 not simply a gradual deterioration or progressive degeneration. We agree with the finding of the trial court. The circumstances of this case do not establish an "accident" for compensation purposes, nor did the medical testimony support any finding of causation.
The circumstances testified to by plaintiff and Dr. deMahy do not corroborate the plaintiff's own testimony concerning the injury he suffered on May 4, 1982. Only the plaintiff's wife testified on his behalf. His immediate supervisor, Donald Landry, who plaintiff reported the incident to, was not called to corroborate plaintiff's claim of an accident. The plaintiff himself testified, in his deposition and later at trial, to two different series of events surrounding the accident. Dr. deMahy testified that plaintiff did not tell him he had had an accident at work. He also testified that he did not think the plaintiff was in any pain when he came to see him. Additionally, no treatment or medication was prescribed at the time. While Dr. deMahy felt that plaintiff was indeed disabled from lifting objects over a certain weight, he could only say that lifting heavy objects, as the plaintiff was required to do, might be a factor in the plaintiff's condition, but could not say that it was the cause.
"The chain of causation required by La. R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability." Robichaux v. Terrebonne Parish School Board, 426 So2d 241 (La.App. 1 Cir. 1983).
Absent any evidence of an accident, either in the nature of a precipitous event or a physical breakdown caused by the performance in the plaintiff's usual and customary duties, there exists no chain of causation. We do not find that the trial court committed manifest error in holding that no compensable "accident" had been proven by the plaintiff.
Accordingly, the judgment of the trial court dismissing plaintiff's suit is hereby affirmed. All costs are to be borne by plaintiff-appellant.
AFFIRMED.