527 So.2d 1 (1988)
Edward RUBIN, Plaintiff-Appellant,
v.
PPG INDUSTRIES, INC., Defendant-Appellee.
No. 87-272.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Writ Denied June 2, 1988.
Ronald J. Bertrand, Rayne, for plaintiff-appellant.
Stocwell, Sievert, Viccellio, Clements & Shaddock, John S. Bradford, Jeanne Sievert, Lake Charles, for defendant-appellee.
Steven C. McGinity, Lake Charles, for intervenor-appellee.
Before FORET, LABORDE and REGGIE[*], JJ.
FORET, Judge.
Plaintiff, Edward Rubin, filed a suit for worker's compensation benefits against his former employer, PPG Industries, Inc. Thereafter, an Intervention was filed by Equitable Life Assurance Society of the United States, seeking recovery of medical benefits paid in the event of a favorable judgment for the plaintiff. At the close of the evidence, the trial court rendered judgment in favor of defendant, and plaintiff has timely perfected a devolutive appeal.
Plaintiff herein went to work for PPG Industries, Inc. as a yard crewman on September 11, 1978. He later assumed a janitorial position which he held until November 3, 1981, his last day on the job. On November 3, 1981, plaintiff was working the evening shift which began at 3:30 P.M. He reported to his supervisor, Austin Fontenot, and his co-worker, Ricky Adams, that he was not feeling well. Thereafter, at approximately 7:30 P.M., plaintiff contacted Fontenot and asked for permission to go home. Permission was granted, and plaintiff left work at that time, never to return. The record reflects that prior to November 3, 1981, plaintiff had been treated for prostatitis by the company physician, Dr. Harold Lovejoy, as well as his personal physician, Dr. Harley Bearden. In fact, on October 26, 1981, plaintiff saw Dr. Lovejoy and was treated for prostatitis.
Following his last day of work on November 3, 1981, plaintiff was seen by Dr. Logan Perkins, Jr., a urologist, who examined plaintiff on three occasions in November and December of 1981 and concluded *2 that his back problems were not related to prostatitis. He therefore arranged for plaintiff to see Dr. Dennis M. Walker, an orthopedic surgeon. Dr. Walker conducted a number of tests, including a lumbar discogram, which revealed minor posterior bulging. Thereafter, upon consultation with another orthopedic specialist, Dr. Walker concluded that surgical intervention was needed and, on May 4, 1982, plaintiff underwent a diskectomy and posterolateral fusion at L-5, S-1. Upon completion of the surgery, Dr. Walker diagnosed plaintiff's condition as degenerative disc disease in its advanced stages and recommended that plaintiff not undertake the type of activities which were required by his job at PPG. Dr. Walker further testified that it was virtually impossible to determine whether or not plaintiff's work activity caused this condition, but he did feel that, given the physical demands of plaintiff's job, it was more probable than not that plaintiff's condition was aggravated by work-related activity.
The sole issue presented for our consideration on appeal is whether or not the trial court erred in finding that plaintiff is not entitled to worker's compensation benefits in this case. The trial court found that plaintiff failed to prove that he had sustained an accident as defined by La.R.S. 23:1021 (1) and consequently denied his claim for worker's compensation benefits. For the reasons hereinafter set forth, we affirm the decision of the trial court.
La.R.S. 23:1021(1) defines an accident as:
"An unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury."
Plaintiff can point to no specific event or occurrence which caused or aggravated his condition. On November 3, 1981, plaintiff's last day at work, he did not mention the occurrence of an on-the-job accident to his supervisor or to his co-employee, Ricky Adams, who worked with plaintiff on that day. No report of an accident was made by plaintiff to anyone at PPG until March 4, 1982, at which time plaintiff informed Murry Davis, manager of employee health and security at PPG, that he had sustained an injury on the job site on November 3, 1981. Additionally, at no time did plaintiff advise Dr. Walker, who treated him for several months, that he had sustained an accident on the job which precipitated his problems. Furthermore, plaintiff testified at trial that he could not point to any specific date or time on which he sustained an accident on the job.
As noted earlier, plaintiff's condition has been diagnosed as degenerative disc disease. Plaintiff contends that he is entitled to worker's compensation benefits because this condition, which eventually necessitated surgery, was aggravated or made symptomatic by his work activity. Assuming this to be the case, plaintiff is nevertheless not entitled to recover worker's compensation benefits. In Melancon v. Mills, 467 So.2d 621 (La.App. 3 Cir.1985), this Court held that a gradual deterioration or progressive degeneration of the employee's physical condition by reason of disc disease was insufficient to establish an "accident" entitling the employee to worker's compensation benefits. In Melancon, we dealt with a factual situation substantially similar to the case at bar. The plaintiff in Melancon was diagnosed as having degenerative disc disease which rendered him unable to perform his work activity. As in the present case, the plaintiff did not advise his treating physician of the occurrence of any specific accident, and the circumstances did not point to any precipitous event in which an injury may have taken place. Melancon's physician could only state that his work activity aggravated his pre-existing condition. Furthermore, Melancon, as was the case with Mr. Rubin, had occasionally complained to his co-employees of back problems for approximately three years prior the date on which his employment was terminated. Considering this, we affirmed the judgment of the trial court finding that the circumstances did not establish an accident for worker's compensation purposes. In so holding, we stated:

*3 "The trial court found that no `accident' had occurred on May 4, 1982, which would entitle the plaintiff to benefits. The trial court cited the case of Warnke v. Owens-Illinois, Inc., 326 So.2d 881 (La.App. 4 Cir.1976), in support of its conclusion that there must be an actual precipitous accident, not simply a gradual deterioration or progressive degeneration. We agree with the finding of the trial court. The circumstances of this case do not establish an `accident' for compensation purposes, nor did the medical testimony support any finding of causation.
. . . . .
"The chain of causation required by La.R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability.' Robichaux v. Terrebonne Parish School Board, 426 So.2d 241 (La.App. 1 Cir.1983).
Absent any evidence of an accident, either in the nature of a precipitous event or a physical breakdown caused by the performance in the plaintiff's usual and customary duties, there exists no chain of causation. We do not find that the trial court committed manifest error in holding that no compensable `accident' had been proven by the plaintiff." Melancon, supra, at 622, 623.
Because we find the pertinent facts of Melancon indistinguishable from the instant case, we must affirm the holding of the trial court.
The judgment of the trial court is affirmed, and all costs of this appeal are to be borne by plaintiff, Edward Rubin.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.