534 So.2d 111 (1988)
Clarence GOBERT, Plaintiff-Appellant,
v.
PPG INDUSTRIES, INC., Defendant-Appellee.
No. 87-897.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
Rehearing Denied December 22, 1988.
Writ Denied February 24, 1989.
Felix A. DeJean III, Opelousas, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Jeanne M. Sievert, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Clarence Gobert appeals the denial of his claim for worker's compensation benefits for a back injury he received in the course and scope of his employment at PPG Industries, Inc. (hereafter PPG). The trial court dismissed Mr. Gobert's suit holding that he failed to prove that more probably than not he was disabled as a result of a work-related accident. Further, the trial court found that plaintiff had applied for and received benefits from the company's group accident, *112 sickness and health plan, and as a requisite to receiving such benefits plaintiff signed a form negating a work-related accident. Specifically, the trial court found that Mr. Gobert failed to prove an accident.
The issue presented on this appeal is whether Mr. Gobert sustained a work-related accident.

FACTS
Mr. Gobert, who was 46 years of age at the time of the accident, worked for PPG for 18½ years. In June of 1982, while employed at PPG, he suffered a ruptured disc at the L-5, S-l level. A discectomy was subsequently performed by Dr. Frazer Gaar, an orthopedic surgeon. He did not file a worker's compensation claim for this injury. He was on leave from work for this injury for approximately 8 months, and while on leave, he sustained a gunshot wound to the thigh and a broken ankle which prolonged his recovery. During this leave Mr. Gobert collected accident, sickness and medical benefits from PPG. Upon his return to work he was assigned to light duty because of his back condition.
In 1985 PPG was having to cut back employees. In this change Mr. Gobert was assigned to a packers position which would entail lifting, twisting and turning. He was not able to perform these duties because of his back condition, so PPG assigned him to the yard doing janitorial work. The first day in the yard, sometime in the first part of May 1985, Mr. Gobert and Mr. Cleveland Gallien, a co-worker, were assigned to a weed eater to cut grass. While Mr. Gobert was operating the weed eater, he went down on his knees and felt pain in his back. Mr. Gallien took Mr. Gobert to the first aid station where Mr. Gobert saw Dr. Harold B. Lovejoy, the company doctor. Dr. Lovejoy recalls when Mr. Gobert came in complaining of pain in his back from using the weed eater, Dr. Lovejoy told Mr. Gobert this was probably muscular soreness from doing a job he had not done before. From that time on he suffered continued pain in his back and was subsequently diagnosed as having another herniation at the same L-5, S-l level.
On February 4, 1986, Dr. Louis C. Blanda, Jr., an orthopedic surgeon, performed a spinal fusion on Mr. Gobert. Worker's compensation benefits were never paid.

WORK-RELATED ACCIDENT
LSA-R.S. 23:1031 provides in pertinent part:
"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."
LSA-R.S. 23:1021 defines an accident as:
"... an unexpected or unforseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury."
Malone & Johnson, 13 Louisiana Civil Law Treatise, Worker's Compensation (2d ed.) Sec. 214, comment on this as follows:
"So long as a definite event can in some way be carved out of the general working experience of the employee, and this event can be pointed to with some assurance as the connecting link between employment and injury, the courts have been satisfied to classify such an event as an accident." (Emphasis added.)
The evidence must be viewed in a light most favorable to the claimant and when there is proof of an accident and of a following disability, without an intervening cause, it is presumed that the accident caused the disability. Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982); Tucker v. Associated Grocers, Inc. 473 So.2d 328 (La.App. 1st Cir.1985), writ denied, 477 So.2d 716 (La.1985). The employee must establish the occurrence of an accident by a preponderance of the evidence. Tucker, supra. When the performance of the usual and customary duties of a workman causes or contributed to a physical breakdown, the statutory requirements for an "accidental" injury are present. Guidry v. Sline Indus. Painters, *113 Inc., 418 So.2d 626 (La.1982). The employer takes the employee as he finds him. McCoy v. Kroger Co., 431 So.2d 824 (La. App. 2nd Cir.1983).
In the present case, Mr. Gobert's operation of the weed eater is not in dispute. PPG disputes that Mr. Gobert suffered an accident when he operated the weed eater. In support of its contention, PPG urges the absence of an accident report and that Mr. Gobert indicated on the application for group accident, sickness and health benefits from PPG's insurer, that his physical condition was not the result of a work-related accident. PPG does not rely on an intervening cause nor is there any evidence of one. In denying benefits, the learned trial court in its written reasons stated: "The plaintiff's contention of a disabling accident in May or June of 1985 is not sufficiently corroborated to rise to the requisite burden of proof of an accident. Furthermore, it was the testimony of Dr. Lovejoy as well as that of the plaintiff's supervisor, Henry Toussaint, that Gobert's complaints to them was that use of the weedeater [sic] caused his back to hurt, not that he had suffered an `accident' while using the weedeather [sic]. Also, it has not been shown that more probably than not the plaintiff's disability was further increased." Further, the trial court noted Dr. Frazer Gaar's opinion via deposition that "I can't see where there's any type of specific event that, you know, that's caused any problemof what he already had to begin with." The trial court also noted the absence of an accident report and that Mr. Gobert signed an application for group accident, sickness and health benefits negating a work-related accident.
We cannot agree with the learned trial court that Mr. Gobert did not suffer an accident. We find the evidence clearly preponderates that an accident or a definite event further deteriorated Mr. Gobert's back.
The record shows that Mr. Gobert had a serious back condition as a result of his 1982 back injury. After he reinjured his back with the weed eater, he went to the first aid station and saw Dr. Lovejoy, the company doctor. At that time it was Dr. Lovejoy's opinion that Mr. Gobert was having muscle soreness from doing a job he had not done before; Dr. Lovejoy told Mr. Gobert that he could expect the soreness to last awhile. No one at the first aid station filed an accident report, however, Mr. Gobert's complaint is substantiated by a letter Dr. Lovejoy wrote to the Opelousas Orthopedic Clinic, dated May 8, 1985, requesting a reevaluation of Mr. Gobert, stating: "He tells me that he was asked to use a weed eater and as a result of this, his twisting back and forth, his back became very painful and radiated down into his right leg. When I examined him, I found decreased tendon reflexes in the right leg and pain on straight leg raising suggesting again the possibility of nerve root irritation." Dr. Lovejoy testified that he probably told Mr. Gobert's supervisor that Mr. Gobert could do light duty work, but he could not operate a weed eater. Mr. Gobert returned to work the following day and he was assigned to pick up trash with a nail on the end of a stick. He was not able to perform this assignment because of the amount of walking and standing. Shortly thereafter he took a disability retirement from PPG.
The record is clear that from the time Mr. Gobert reinjured his back while using the weed eater, he suffered continued pain in his back. Mr. Gallien, the co-worker who was with Mr. Gobert when he hurt his back while using the weed eater, testified that he took Mr. Gobert to the first aid station and substantiated Mr. Gobert's testimony. Mr. Carlos Toro and Mr. Henry Toussaint, supervisors at PPG, testified that Mr. Gobert associated his back pain with the operation of the weed eater. Mr. Gobert sought medical attention for his back because of the pain he was experiencing. He attempted to see Dr. Gaar, who was his treating physician and who also performed the back surgery in 1982, but Dr. Gaar was out of town. He eventually saw Dr. Bob Rivet, who associated Dr. Blanda in the second surgery to perform the spinal fusion.
In Dr. Gaar's deposition, he opined that it was not a specific event that caused Mr. Gobert's back to deteriorate, but "my impression *114 is that he developed this gradually over a period of time with a series of events rather than one specific event of using a Weed Eater." Dr. Gaar further opined that he did not think Mr. Gobert could do the type of work he was performing.
We find that the evidence clearly preponderates that Mr. Gobert suffered an "accident" when he used the weed eater at work.
PPG argues that Mr. Gobert failed to file an accident report. We disagree. The record shows that Mr. Gobert reported the accident to Mr. Toussaint, his supervisor, and at the first aid station. PPG did not accept Mr. Gobert's complaint that his use of the weed eater caused the accident, therefore, it did not file an official accident report.
PPG further argues that Mr. Gobert filled out an application for accidental and health benefits marking off that the injury was not work related. Mr. Gobert has very little education and cannot read. Mr. Joseph Davis, manager of security and employee health at PPG, testified that he offered Mr. Gobert disability retirement because there were no other jobs at PPG he could do "as far as his complaints were concerned and also the medical reports." We do not find this sufficient to defeat his claim that he sustained an accident. Tucker, supra.

DISABILITY
At the time of trial, Mr. Gobert's spinal fusion was still in the healing process and his progress was slow. Dr. Blanda did not consider him a candidate for any type of work. Dr. Blanda opined that if the fusion was successful, he could do some type of light duty work. Under these circumstances we find Mr. Gobert is entitled to temporary total disability benefits, commencing with his last day of employment. The record does not reflect his last day of employment, his wages or medical expenses incurred, therefore, it is necessary that this case be remanded to the district court for these determinations. Mr. Gobert did not seek penalties and attorney's fees on appeal, therefore, we cannot make this award.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and there is judgment herein in favor of Clarence Gobert and against PPG Industries, Inc., decreeing temporary total disability; weekly worker's compensation benefits are to commence with the last day of employment, with legal interest thereon. This matter is remanded to the trial court to determine Clarence Gobert's last day of employment, wages and medical expenses incurred. All costs of trial and for this appeal are assessed to PPG.
REVERSED AND REMANDED.