583 So.2d 1181 (1991)
Dwain C. BERCEGEAY and Sue Ann Bercegeay
v.
CAL-DIVE INTERNATIONAL, INC.
No. CA 90 0552.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Rehearing Denied September 4, 1991.
*1182 R. Scott Ramsey, Jr., Berwick, for plaintiffs and appellants.
Ralph E. Kraft, Lafayette, for defendant and appellee.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
Plaintiffs, Dwain and Sue Ann Bercegeay, appeal from a summary judgment dismissing their Jones Act claim. We reverse.

BACKGROUND
Plaintiff, Dwain Bercegeay, alleges he was injured on January 14, 1987, during the course of his employment with defendant, Cal-Dive International, Inc. (Cal-Dive), while attempting to lift the flywheel of an air compressor from a diving unit. The alleged accident occurred on land in the workshop of Cal-Dive's premises, which included facilities for docking Cal-Dive's two vessels, the workshop and an adjoining area, referred to as the yard. Mr. Bercegeay subsequently filed suit seeking damages under the Jones Act, 46 U.S.C.App. § 688. Mrs. Bercegeay was also a plaintiff in this action, seeking damages for loss of consortium. Plaintiffs later amended their petition to allege, in the alternative, that plaintiffs were entitled to recovery under the Longshore and Harbor Workers' Compensation Act. Cal-Dive subsequently filed a motion for summary judgment dismissing plaintiffs' Jones Act claim on the basis that no genuine issue of material fact existed as to Mr. Bercegeay's lack of status as a seaman, an essential element for recovery under the Jones Act. After a hearing, the trial court granted summary judgment dismissing plaintiffs' Jones Act claim on the ground that Mr. Bercegeay was not a seaman within the meaning of that act. Plaintiffs have now appealed, contending the trial court erred in concluding no disputed issue of material fact existed as to whether Mr. Bercegeay was a seaman within the meaning of the Jones Act.
Mr. Bercegeay was employed by Cal-Dive as a diesel mechanic from June, 1986 until February, 1987. In his deposition, he described his duties as being "[t]o maintain the diving equipment on and off the vessels, maintain the vessels themselves, meaning perform maintenance and repairs to the vessels and the diving equipment." He further stated that his work included repairing the main engines or anything else needing repair on Cal-Dive's two vessels, repairing diving equipment, including air compressors, welding machines, water pumps, water blasters, hydraulic tools, and repairing cherry pickers placed on the vessels and used offshore. Mr. Bercegeay estimated that he spent approximately one-half of his time working on Cal-Dive's vessels docked at the Cal-Dive facility and one-half of his time working on land, either *1183 in the yard or the shop. On one occasion, for a period of six days, he worked on one of Cal-Dive's vessels while it was in the Caribbean Sea. The only other instances on which Mr. Bercegeay worked on Cal-Dive's vessels away from the dock were two occasions on which he was aboard the Cal-Diver II while it was operating in the bayous for the purpose of testing its engines after major repairs. The total time he spent aboard the Cal-Diver II on these two occasions was approximately eight hours.

LAW
A motion for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact in dispute, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Generally, the issue of whether a plaintiff is a seaman within the intent of the Jones Act is left to the jury, even in marginal cases. Buras v. Commercial Testing & Engineering Co., 736 F.2d 307, 309 (5th Cir. 1984); McIntosh v. Occidental Petroleum Corp., 470 So.2d 184, 186 (La.App. 4th Cir.), writ denied, 472 So.2d 920 (1985). However, in rare circumstances, where the underlying facts are undisputed and the record reveals no facts from which reasonable persons could draw conflicting inferences, summary judgment may be proper on this issue. Buras, supra; McIntosh, supra. The well-established test used to determine whether a Jones Act case should go to the jury on the issue of seaman's status is whether there is evidence that: (1) the injured workman was assigned permanently to a vessel ... or performed a substantial part of his work on the vessel; and (2) whether the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips. Barrett v. Chevron, U.S.A. Inc., 781 F.2d 1067, 1072 (5th Cir.1986); Offshore Company v. Robison, 266 F.2d 769, 779 (5th Cir.1959).
In the instant case, the dispositive issue in applying this test was whether Mr. Bercegeay performed a substantial part of his work on Cal-Dive's two vessels, since he was clearly not permanently assigned to a vessel. In order for Cal-Dive to prevail on its motion for summary judgment, it was essential that it be established that Mr. Bercegeay did not perform a substantial portion of his duties on Cal-Dive's vessels. In support of its motion, Cal-Dive presented Mr. Bercegeay's time sheets, some of which were personally prepared by him, which purportedly established that he spent only sixteen and one-half percent of his time working aboard its vessels. As previously noted, however, Mr. Bercegeay stated in his deposition, the pertinent portions of which were attached to his brief in opposition to Cal-Dive's motion for summary judgment, that he estimated he spent fifty percent of his time performing duties aboard Cal-Dive's vessels.
At the hearing held on Cal-Dive's motion, plaintiffs' counsel argued that summary judgment was inappropriate because the issue of whether Mr. Bercegeay or the time sheets were to be found more credible or accurate was an issue for the jury. Nevertheless, the trial court granted summary judgment dismissing plaintiffs' Jones Act claim,; at one point referring to Mr. Bercegeay's deposition testimony regarding the amount of time he spent on Cal-Dive's vessels as a "self-serving statement". Thus, the trial court apparently granted the summary judgment based on its determination that the time sheets introduced by Cal-Dive were more credible than Mr. Bercegeay's testimony. The trial court erred in doing so, since summary judgments may not properly rest on the weighing of testimony or upon credibility evaluations. Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir.1987); Johnson v. Slidell Memorial Hospital, 552 So.2d 1022 (La.App. 1st Cir.1989) writ denied, 558 So.2d 571 (1990); Roger v. Dufrene, 553 So.2d 1106 (La.App. 4th Cir. 1989), writ denied, 559 So.2d 1358 (1990).
*1184 The situation in the present case is remarkably similar to the situation in Leonard, supra, in which there was also an issue as to whether the plaintiff performed a substantial part of his work aboard certain vessels. In that case, the trial court granted a summary judgment dismissing Leonard's Jones Act claim, after contrasting the employer's "impressive and comprehensive review" of its contemporaneous business records showing that Leonard spent 81.6% of his time on work unrelated to vessels with the "inaccurate and imprecise recollections" of Leonard and his co-workers, who stated that Leonard worked a substantial part of the time aboard vessels. Leonard, 828 F.2d at 293. In reversing the summary judgment, the Fifth Circuit concluded that:
[t]he district judge erred in basing his decision on finding Dixie Well's [the employer] documentary evidence inherently more `reliable' or `accurate' than Leonard's and his co-workers' testimony and sworn statements from memory.... [I]t is for the jury at trial, not for the judge on a pretrial motion, to decide whose evidence is more credible. A judge assessing the `persuasiveness' of evidence presented on a motion for summary judgment may discount such evidence as unspecific or immaterial, but not as unbelievable. 828 F.2d at 294.
This reasoning is equally applicable to the instant case. Mr. Bercegeay's deposition testimony and the time sheets presented by defendant raised a factual issue as to the amount of time Mr. Bercegeay worked aboard Cal-Dive's vessels, the resolution of which was dependent upon a credibility evaluation and a weighing of the evidence. The trial court erred in resolving this issue on a motion for summary judgment on the basis of its credibility determination. See Leonard, supra; Roger, supra.
Nevertheless, reversal of a summary judgment is inappropriate if the district court decision can be affirmed on alternate grounds. See, Leonard, supra. In their original petition, plaintiffs asserted that Mr. Bercegeay was employed by Cal-Dive as a "fleet diesel mechanic whose duties were to maintain and repair the equipment and engines onboard the Cal-Dive's fleet of vessels." Although Cal-Dive initially denied this assertion in its answer to plaintiffs' petition, in its Memorandum in Support of its Motion for Summary Judgment, rather than disputing this allegation, Cal-Dive relied upon it, as evidenced by the following excerpt, to argue that Mr. Bercegeay was precluded under the rationale of Pizzitolo v. Electro-Coal Transfer Corp., 812 F.2d 977 (5th Cir. 1987), cert. denied, 484 U.S. 1059, 108 S.Ct. 1013, 98 L.Ed.2d 978 (1988) from being found to be a seaman.
In the remainder of this memorandum, mover will show that the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences on the test for seaman status. Specifically, mover will show that Dwain Bercegeay's employment status by virtue of his own admissions and averments in the pleadings and his deposition testimony indicate that Bercegeay was employed as a diesel mechanic whose duties involved the maintenance and repair of equipment in the shop and the Cal-Dive yard as well as the maintenance and repair of the engines and equipment on board Cal-Dive's vessels. The jurisprudence clearly indicates that workmen engaged in the occupation of ship repair or other traditional harbor work such as shipbuilders and longshoremen not (sic) eligible for Jones Act benefits, but rather are expressly included statutorily as longshoremen under 33 U.S.C. § 902(3).
. . . . .
By virtue of Dwain Bercegeay's pleadings indicating that he was a fleet diesel mechanic, his duties were to maintain and repair equipment and engines on board Cal-Dive's vessels. Dwain Bercegeay therefore does not qualify as a Jones Act seaman.... Because coverage under the Jones Act and Longshore and Harbor Worker's Compensation Act is mutually exclusive and a workman engaged in an occupation for which coverage *1185 is expressly provided under the LHWCA is ineligible for benefits under the Jones Act, Dwain Bercegeay, a ship repairer and/or ship mechanic by his own categorization, was engaged at all times in an occupation for which coverage was provided under the Longshore and Harbor Worker's Compensation Act 33 U.S.C. § 902(3) and therefore, such being mutually exclusive with the Jones Act precludes him from maintaining Jones Act status. Such was clearly set forth in the decision Pizzitolo v. Electrical Transfer Corp., 812 F.2d 977 (5th Cir. 1987) wherein the Fifth Circuit indicated... that the Act excluded Jones Act benefits to those falling within the definition of employee under the LHWCA, specifically under 33 U.S.C. § 902(3).
In Pizzitolo the Court held that, since a worker engaged in one of the occupations enumerated in 33 U.S.C. § 902(3) is automatically covered under the Longshore and Harbor Workers' Compensation Act (LHWCA) for any work-related injury occurring upon the navigable waters of the United States, this coverage renders a worker ineligible for consideration as a seaman or crew member of a vessel entitled to claim Jones Act benefits, even if that worker could otherwise meet the traditional Robison test. Pizzitolo, 812 F.2d at 983; Reeves v. Survey Boats, Inc., 722 F.Supp. 1381, 1383 (W.D.La.1989), affirmed, 907 F.2d 147 (5th Cir.1990). This holding is based on the rationale that coverage under the Jones Act and the Longshore and Harbor Workers' Compensation Act is mutually exclusive.
One of the occupations specifically listed in § 902(3) is that of ship repairman. As previously noted, in moving for summary judgment Cal-Dive did not dispute Mr. Bercegeay's contention that he was employed as a fleet mechanic whose duties included the maintenance and repair of Cal-Dive's vessels. Accordingly, we believe Mr. Bercegeay falls within the category of ship repairman as contemplated in § 902(3). See Pizzitolo, supra (shore based electrician who spent 25% of his worktime replacing or repairing electrical equipment on vessels was a ship repairer); Reeves, supra (land-based worker who performed mechanical repairs on a fleet of vessels was a "ship repairman").
However, an additional requisite for LHWCA coverage is that the worker's injury occur upon navigable waters, which includes any "adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. § 903(a). In this case, Mr. Bercegeay was injured in the workshop on Cal-Dive's premises, adjoining the area where its vessels were docked. This area could possibly be considered "navigable waters" under the definition provided in the LHWCA if it was used customarily by Cal-Dive for repairing its vessels. From our examination of the record, however, we conclude the pleadings, deposition excerpts, answers to interrogatories, and admissions on file do not adequately resolve this issue, thus failing to establish whether Mr. Bercegeay's injury occurred upon "navigable waters". Given the existence of this genuine issue of material fact relating to LHWCA coverage, summary judgment dismissing Mr. Bercegeay's Jones Act claim cannot be supported on the basis of the Pizzitolo rationale that coverage of a worker under the LHWCA precludes that worker from any entitlement to Jones Act benefits.
For the reasons assigned, the judgment of the trial court dismissing plaintiffs' Jones Act claim upon Cal-Dive's motion for summary judgment is reversed, and judgment is hereby entered denying Cal-Dive's motion for summary judgment. All costs are to be paid by Cal-Dive.
REVERSED AND RENDERED.