DOUCET, Judge.
The plaintiffs, Armond and Cornelia Tra-han, and the third-party plaintiffs, Thena-maris Ship Management, Inc. (Thenamaris), appeal from a summary judgment dismissing their Jones Act claim. We reverse.
Armond Trahan alleges he was injured on November 18,1987, during the course of his employment with Zapata Haynie Corporation (Zapata) while changing a light bulb on the Zapata vessel F/Y Q.O. Dunn (the Dunn). The Dunn was moored at the Zapata facility in Cameron, Louisiana at the time of the alleged incident. Trahan was allegedly standing on a milk crate to change a light bulb, when the wake of a passing vessel, the M/V St. Helen, rocked the Dunn, allegedly causing Trahan to fall.
Trahan brought suit for damages under the general maritime law against Thena-maris, who was the owner of the M/V St. Helen, and the river pilot on board the M/V St. Helen at the time of the alleged accident. In the same suit, Mrs. Trahan brought a claim for loss of consortium. Thenamaris answered and entered a third-party demand against Zapata as Trahan’s Jones Act employer. The Trahans amended their suit to add a claim against Zapata under the Jones Act.
Zapata filed a motion for summary judgment contesting Trahan’s status as a Jones Act seaman.
The trial court granted Zapata’s motion for summary judgment finding that Trahan was not a Jones Act seaman. Judgment was rendered dismissing the claims of the Trahans and Thenamaris against Zapata. Both the Trahans and Thenamaris appeal *363 contending that the trial court erred in concluding that no issue of material fact existed as to whether Trahan was a seaman within the meaning of the Jones Act.
Trahan had been employed by Zapata for many years, and was working for them as an electrician at the time of the alleged incident. On summary judgment, Trahan’s deposition constituted the only evidence before the court with regard to the nature of his work and the conditions of his employment. In that deposition he stated that he worked as an electrician on Zapata’s fleet of menhaden fishing vessels. During the fishing season his work on the vessels was done at night or on weekends, while the vessels were at Zapata’s Cameron facility. In the off-season, when the alleged accident occurred, his electrical work was done during the day. In the off-season, he was also required to work as a deck-hand as the fishing vessels were moved from one location to another at the Cameron facility. However, he stated that he had been offshore with a vessel only four or five times in twenty years of employment with Zapata and never since becoming an electrician eight or nine months prior to his accident. He never slept on the vessels. While he also did electrical work in the Zapata office and plant, he stated that 80% of his work was on the fleet of fishing vessels. He stated that during the fishing season he worked almost entirely on the vessels.
SUMMARY JUDGMENT
A motion for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact in dispute, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Generally, the issue of whether a plaintiff is a seaman within the intent of the Jones Act is left to the jury, even in marginal cases. Buras v. Commercial Testing & Engineering Co., 736 F.2d 307, 309 (5th Cir.1984); McIntosh v. Occidental Petroleum Corp., 470 So.2d 184, 186 (La.App. 4th Cir.), writ denied, 472 So.2d 920 (1985). However, in rare circumstances, where the underlying facts are undisputed and the record reveals no facts from which reasonable persons could draw conflicting inferences, summary judgment may be proper on this issue. Bums, supra; McIntosh, supra.
Bercegeay v. Cal-Dive Intern., Inc., 583 So.2d 1181, 1183 (La.App. 1 Cir.), writ denied, 589 So.2d 1070 (La. 1991).
The U.S. Supreme Court in McDermott, Inc. v. Wilander, 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991), stated that the key to seaman status under the Jones Act is “employment related connection to a vessel in navigation.” The Court in that case further stated that:
We are not called upon here to define this connection in all details, but we hold that a necessary element of the connection is that a seaman perform the work of a vessel. See Maryland Casualty Co. v. Lawson, 94 F.2d 190, 192 (CA5 1938) (“There is implied a definite and permanent connection with the vessel, an obligation to forward her enterprise”), cited approvingly in Norton [v. Warner Co.], 321 U.S. [565], at 573, 64 S.Ct., [747 at 751[, 88 L.Ed. 931]. In this regard, we believe the requirement that an employee’s duties must “contribut[e] to the function of the vessel or to the accomplishment of its mission” captures well an important requirement of seaman status. It is not necessary that a seaman aid in navigation or contribute to the transportation of the vessel, but a seaman must be doing the ship’s work.
Wilander, supra, 111 S.Ct. at p. 817.
In the case currently before this court, the trial judge found that Trahan was not a Jones Act seaman as a matter of law because he did not have a sufficient connection to the fleet of vessels.
Seaman status under the Jones Act has been repeatedly held to be a mixed question of law and fact. Wilander, supra. Southwest Marine v. Gizoni, — U.S. -, 112 S.Ct. 486, 116 L.Ed.2d 405 *364 (1991); Folse v. Western Atlas Intern., Inc., 593 So.2d 341 (La.1992). In general summary judgment on the issue of seaman status is inappropriate. Folse, supra.
If reasonable persons, applying the proper legal standard, could differ as to whether the employee was a “member of a crew,” it is a question for the jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251, 106 S.Ct. 2505, 2511-2512, 91 L.Ed.2d 202 (1986). In many cases, this will be true. The inquiry into seaman status is of necessity fact-specific; it will depend on the nature of the vessel, and the employee's precise relation to it.
Wilander, supra, 111 S.Ct. at p. 818.
In Gizoni, supra, a ship repairman worked on and rode floating platforms during working hours only at a ship repair facility in San Diego, California. The platforms moved equipment and supplies to vessels in berths or drydock and supported the repairmen in their work. Gizoni was hurt when he fell through a hole on the deck of a platform being used to transport material to a floating drydock. In that case the court held that a ship repairman may qualify as a Jones Act seaman where he spends his working hours in furtherance of the mission of the vessel and that to rule as a matter of law on the basis of job title or occupation alone forecloses a plaintiff’s ability to make that showing.
After reviewing the record in this matter and in light of the above cited jurisprudence, we conclude that reasonable people could differ as to whether Trahan was a “member of a crew.” Therefore, we find that summary judgment is inappropriate in this case.
Accordingly, the summary judgment rendered by the trial court is reversed. The case is remanded to the trial court. Costs of this appeal are to be paid by the defendant, Zapata.
REVERSED AND REMANDED.