619 So.2d 140 (1993)
James Wayne SMITH
v.
EXXON CHEMICAL AMERICAS, et al.
No. 92 CA 0315.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*141 John W. Fichtel, III, Baton Rouge, for plaintiff-appellant James Wayne Smith.
Robert B. McNeal, New Orleans, for defendant-appellee Exxon Chemical Americas, et al.
Before CARTER, LEBLANC and PITCHER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting Exxon's motion for summary judgment and dismissing a worker's claim for worker's compensation benefits.

FACTS
Plaintiff, James Wayne Smith, was employed as a welder by Exxon Chemical Americas, a division of Exxon Corporation (Exxon), in December, 1988. On or about December 7, 1988, Smith was performing table welding, which required stooping for long periods of time, when he began experiencing pain in his back. As the day progressed, Smith's pain increased to the point that Smith had to cease working. The following day he returned to work to perform the same job and reported that he was unable to do so because of the pain in his back. Upon reporting these complaints, Smith was sent by his supervisor to the medical department and was subsequently referred to his family physician.
On March 23, 1990, Smith filed the instant suit for worker's compensation benefits against Exxon, alleging that he was injured during the course and scope of his employment when on December 8, 1988, he suffered degenerative disc disease. Smith's petition was subsequently amended on July 12, 1990, and again on August 31, 1990, adding Petroleum Casualty Company, Exxon's worker's compensation insurer, as an additional defendant and alleging that on December 8, 1988, while performing his work duties, he suffered an accident, which resulted in back pain to such an extent that he could no longer perform the duties of his employment.
On April 1, 1991, Exxon filed a motion for summary judgment, contending that Smith was not entitled to worker's compensation benefits because his physical condition was not due to an on-the-job accident. Exxon reasoned that Smith suffered the symptoms of progressive, degenerative disc disease while employed by Exxon and that such condition does not constitute a work-related "accident" within the meaning of the compensation act.
After a hearing, the trial court determined that a gradual deterioration or progressive degeneration of the employee's physical condition by reason of disc disease was insufficient to establish an accident entitling Smith to the worker's compensation benefits, citing Rubin v. PPG Industries, Inc., 527 So.2d 1 (La.App. 3rd Cir.), writ denied, 528 So.2d 155 (La.1988), and Melancon v. Mills, 467 So.2d 621 (La.App. 3rd Cir.1985). Accordingly, the trial court granted Exxon's motion for summary judgment and dismissed Smith's action.
From this adverse judgment, Smith appeals, assigning the following errors:
1. The Honorable Trial Court erred by applying Rubin v. PPG Industries, Inc., 527 So.2d 1 (La.App. 3rd Cir. *142 1988), writ denied, 528 So.2d 155 (La. 1988) and Melancon v. Mills, 467 So.2d 621 (La.App. 3rd Cir.1985) to the facts of this case.
2. The Honorable Trial Court erred by failing to find that degenerative changes accompanied by a physical breakdown caused by the performance of a worker's duties constitutes an "accident" within the contemplation of La. R.S. 23:1021(1).

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991); Bercegeay v. Cal-Dive International, Inc., 583 So.2d 1181, 1183 (La.App. 1st Cir.), writ denied, 589 So.2d 1070 (La.1991); Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-84 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. In other words, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Eads Operating Company, Inc. v. Thompson, 537 So.2d 1187, 1194 (La. App. 1st Cir.1988), writ denied, 538 So.2d 614 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Legros v. Norcen Exploration, Inc., 583 So.2d at 860; Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d at 384. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
With regard to the standard of review to be applied by this court, the Louisiana Supreme Court in Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991), recently noted that appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.
Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
In order to recover benefits under the Louisiana Worker's Compensation Law, a worker in a compensation action must establish "personal injury by accident arising out of and in the course of his employment." LSA-R.S. 23:1031; Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987). The applicable statutory definition of "accident" is "an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury." LSA-R.S. 23:1021(1); Bruno v. Harbert International, Inc., 593 So.2d 357, 360 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350, 353 (La. 1991). While the definition was amended after the occurrence of the accident involved *143 in this case, the governing law in a compensation action is that which was in effect at the time of the alleged injury. Bruno v. Harbert International, Inc., 593 So.2d at 360; Nelson v. Roadway Express, Inc., 588 So.2d at 353.
The courts of this state have consistently held that when the performance of the usual and customary duties of a worker causes or contributes to a physical breakdown, the statutory requirements for an "accidental" injury are present. Bruno v. Harbert International, Inc., 593 So.2d at 360; Nelson v. Roadway Express, Inc., 588 So.2d at 353; Gobert v. PPG Industries, Inc., 534 So.2d 111, 112 (La.App. 3rd Cir. 1988), writ denied, 538 So.2d 596 (La.1989); Houston v. Kaiser Aluminum and Chemical Corporation, 531 So.2d 1129, 1132 (La.App. 4th Cir.1988).
In the instant case, the evidence presented in support of the motion for summary judgment is uncontradicted. Smith suffers from degenerative disc disease. Further, the evidence revealed that on December 7, 1988, Smith was performing table welding, which required that he stoop for long periods of time, that while performing such work he began experiencing back pain, and that the pain progressed to the point that he could no longer work. The medical evidence revealed that Smith's job as a pipefitter and welder, which included lifting, bending, stooping, and working in cramped and bent positions, contributed to the development of degenerative disc disease in his lumbar spine.
Considering the foregoing, we find that Exxon is not entitled to judgment as a matter of law. Under certain factual situations, the performance of the usual and customary duties of a worker which causes or contributes to a physical breakdown may result in a work-related "accident." Accordingly, we find that the granting of Exxon's motion for summary judgment was inappropriate.

CONCLUSION
For the above reasons, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Exxon is cast for all costs.
REVERSED AND REMANDED.