YELVERTON, Judge.
In this indemnity lawsuit brought by Mar-Len of Louisiana, Inc., a contractor, against the City of DeRidder and Meyer and Associates, Inc., its engineers, the City and Meyer filed an exception of res judicata. The trial judge maintained the exception and dismissed the case, finding that a compromise between the parties in 1985 was preclusive of the rights asserted in the present suit which *968 was filed in 1991. We cannot say that the trial judge erred, based on the record as he saw it, in maintaining the exception. However, Mar-Len also made a claim to rescind the 1985 settlement agreement because of an error of material fact. Mar-Len’s demand seeking rescission of the compromise agreement has never been heard. Mar-Len is entitled to a hearing, and a decision, on the issue of whether the compromise agreement of 1985 should be set aside. If the 1985 compromise is set aside it cannot be res judicata. We agree with Mar-Len that the issue of the compromise’s validity must be determined. We remand for that purpose.
In 1982 the City of DeRidder entered into a contract, following public bids, with Mar-Len of Louisiana, Inc., for Phase II of the Waste Water Improvements, Contract 0, Transfer Stations for the City of DeRidder. When the City’s engineers, Meyer and Associates, Inc., learned that Mar-Len proposed to supply and install Crown pumps at the transfer stations, a dispute arose as to whether the Crown pumps met the contract specifications. Mar-Len made a claim for arbitration of the dispute. In its claim, Mar-Len stated that it had received prior clearance from the engineers before it made its bid that Crown pumps would be acceptable. The City denied that allegation.
While the arbitration proceeding was pending, the City filed a suit in state court against Mar-Len for a declaratory judgment and injunctive relief. The petition for declaratory judgment alleged that if Mar-Len obtained pre-bid approval of Crown pumps, the law dealing with the letting of public contracts was violated and the contract should be declared null and void. Mar-Len countered with a suit in federal court against the City and others for the payment of progress payments and breach of contract damages.
These three matters were settled and compromised in 1985. A written settlement agreement is in the record. The parties agreed to settle all disputes between them and withdraw all claims and allegations from arbitration, and settle all disputes between them and dismiss with prejudice both the civil suits. In the settlement “of all prior disputes, both known and unknown”, the City agreed to pay Mar-Len $160,000, half of which was payable “upon approval of the pump submittals by the project engineer and return to work by Mar-Len-” The settlement agreement contained a section called Waiver of All Claims. Both sides waived any and all claims it had against the other, but only as to claims in existence prior to the date of the agreement.
This settlement did not end the pump dispute. In April 1988 another round of litigation began. Mar-Len sued the City for the balance due on their contract, alleging that the contract had been substantially performed as of October 1986 and that the City would not pay Mar-Len the balance owed. The City reconvened for damages, claiming that the pumps furnished and installed by Mar-Len purported to meet the plans and specifications of the contract, but proved to be defective and incapable of performing the tasks for which they were intended.
Included in the pleadings were allegations by Mar-Len that any claim for the failure of the pumps to meet the plans and specification of the contract were waived by the City of DeRidder in the October 1985 settlement. Mar-Len filed an exception of res judicata based upon the 1985 settlement agreement. In a brief filed in support of its exception, Mar-Len argued that it was the intent of all parties that the question of choice of pumps and their compliance with the contract plans and specifications was to be settled by the agreement of 1985.
In October 1990 the claims asserted in this round of litigation were also settled. A written agreement of settlement is in the record.
The third round of litigation began in June 1991, and is what produced the judgment which is the subject of this appeal. The third round of litigation was instituted by Mar-Len by a petition for indemnity. Mar-Len alleged in that suit that a business by the name of Gorman-Rupp Company filed suit in Texas against it and obtained a judgment in October 1988 in favor of Gorman-Rupp and against Mar-Len for $62,500. The Texas pleadings are not in the record, and we cannot determine how it came to be that Mar-Len became obligated to Gorman- *969 Rupp, and what the Texas case has to do with the pumps in our ease. However, Mar-Len alleged that it lost its case in Texas on account of the testimony of Engineer Richard Meyer, when he testified that the sub-mittals provided by Gorman-Rupp in 1983 had in fact been approved by the City’s engineers. Mar-Len then alleged that had it known that the submittals had in fact been approved, “this matter” (presumably its relations with Gorman-Rupp) would have been covered and handled in the settlement or the settlement would not have been entered into. In this petition Mar-Len asked for indemnity from the City of DeRidder. The City of DeRidder filed its exception of res judicata.
Mar-Len then amended its suit to demand rescission of the 1985 compromise agreement. Mar-Len alleged that the engineers made representations in 1983 that the sub-mittals of Gorman-Rupp were not approved. Mar-Len further alleged that it relied on those representations when it entered into the settlement agreement in 1985, and that it would not have entered into the settlement agreement had those representations not been made. It then alleged that Meyer testified in Texas in 1988 that the submittals had in fact been approved by the engineers in 1983. Mar-Len demanded that the settlement agreement of 1985 be voided for this mistake as to a material fact.
The record in this case is voluminous, but nearly all of it is made up of documents from earlier litigation. The record of the hearing on the exception of res judicata is very short. There was no testimony received. Without testimony, there is no evidence directly establishing what Meyer may have said before the 1985 settlement, or what he said at the Texas trial. The trial judge noted the absence of evidence on this point in his reasons for judgment:
There is no qualifying language in the [1985] agreement indicating that the settlement is contingent upon Mr. Meyer, or anyone else, testifying in a certain fashion in a lawsuit. Indeed, plaintiff has not even provided the court with sufficient information in connection with these Texas proceedings to even know if Mr. Meyer’s testimony in the Texas litigation was even a factor in the conclusions which were reached that resulted in judgment against them [sic].
The trial judge concluded that the facts which led to the filing of the lawsuit in Texas occurred prior to the settlement agreement of 1985 and were known to Mar-Len at the time of that settlement. For that reason he applied the settlement language and held it to be res judicata.
Our study of this voluminous record, including requests for admissions and the admissions themselves, both of which were filed for record in 1984, supports the trial judge’s inferences from the record as to what the parties intended. Nevertheless, we cannot deny Mar-Len a trial on the merits as to these issues by deciding (sort of by way of a gratuitous summary judgment in the context of a hearing on an exception of res judicata), that Mar-Len cannot win its suit to rescind the settlement agreement anyway.
Mar-Len is entitled to a contradictory hearing on its petition to seek rescission of the compromise agreement. Succession of Morvant, 578 So.2d 549 (La.App. 3rd Cir.1991). Mar-Len has had no hearing on the issue of rescission. Mar-Len has had a hearing on the issue of res judicata. On this appeal Mar-Len virtually concedes, as it has all along, that the dispute over the choice of pumps and their compliance with the plans and specifications was settled by the compromise agreement of 1985. It complains, however, that its agreement to settle was based on the representation by the engineers that Gorman-Rupp pump submittals were not ac ceptable, and that that representation dealt with a material fact. Material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Smith v. Exxon Chemical Americas, 619 So.2d 140 (La.App. 1st Cir.1993). Agreements can be set aside if there is an error as to a material fact. La.C.C. art. 3079; Succession of Morvant, supra. However, to the extent that it is rescinded the compromise agreement of 1985 cannot be res judicata. The rescission claim has yet to be tried and decided, and we remand for that purpose.
*970 For these reasons, we remand so that Mar-Len’s present suit to rescind the 1985 compromise agreement can go forward, subject, of course, to whatever further exceptions or defenses the City and Meyer might raise.
Costs of this appeal will be shared by the parties, one-third by each. Costs below will await determination by the trial judge.
REMANDED.