DECUIR, Judge.
This appeal arises from a worker’s compensation claim filed by Evelyn Wilson against her employer, H.W.T. Properties, Inc. At issue on appeal is the hearing officer’s finding that Wilson failed to prove she sustained a job related accident.

FACTS

Wilson began her employment with H.W.T. as a housekeeper. Her assigned task was to make up beds and clean rooms. In addition, she was required to push or pull a cart containing her necessary supplies.
On February 16, 1990, Wilson reported to work with no pain. By the end of the day she claims to have been experiencing back pain. Wilson reported no injury to her employer. In fact, at her deposition, the best she could say was that possibly she injured her back moving mattresses or lifting her cart. She was unable to identify a specific precipitating event.
When Wilson consulted physicians she did not report a work related injury. The physicians did find a back strain and ordered treatment. This treatment included traction, which required Wilson to miss work. At the time she was to undergo traction, Wilson called H.W.T. and notified them that she would miss work because of back trouble. Wilson did not notify H.W.T. that she had sustained a work related injury.
After a CT scan, Wilson notified H.W.T. that she had a ruptured disc and could not work. She still did not report an on the job injury. Several days later she contacted H.W.T. and requested to file an accident report. H.W.T. denied her request because she had not reported an accident.
Wilson, subsequently, filed this claim for worker’s compensation benefits. The hearing officer found that “there was no specific accident or event identified as occurring on February 16, 1990”, and that the medical records closest to that time did not support Wilson’s claim.
Wilson filed this appeal alleging that the hearing officer erred in finding that no “accident” occurred under the Louisiana Worker’s Compensation Statute, and no aggravation of a preexisting condition or repetitive motion injury was proven.

LAW AND DISCUSSION

La.R.S. 23:1021(1) defines “accident” for Worker’s Compensation purposes as follows:
Accident means an unexplained or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Wilson seizes upon the hearing officer’s use of the words “specific accident” to argue that he misinterpreted the statute. Specifically, she argues that the legal definition of work related accident calls for an “identifiable” event, not necessarily a “specific” event.
Our review of the record reveals that the hearing officer referred both to a “specific accident” and an “event identified”. The latter language is squarely under the statute. Accordingly, we find no error in the hearing . officer’s ruling.
We are cognizant of the fact that Louisiana courts have interpreted the work related accident requirement liberally. However, liberal construction of the Worker’s Compensation Act does not relax claimant’s *622 burden of proof. Manson v. City of Shreveport, 577 So.2d 1167 (La.App. 2nd Cir.1991); unit denied 580 So.2d 928. The burden remains on the claimant to prove her disability by clear and convincing evidence. Tanner v. International Maintenance Corp., 602 So.2d 1133 (La.App. 1st Cir.1992).
One of the stated purposes of the 1989 Amendment to La.R.S. 23:1021(1) was to address a worker’s compensation crisis created in part by jurisprudence which had developed recognizing disabilities that were not shown to have resulted from a job accident. (Minutes of the Senate Committee on Labor and Industrial Relations, Wednesday, June 7, 1989; Minutes of the House Committee on Labor and Industrial Relations, May 26, 1989). This court has consistently held to the specific event or occurrence requirement as defined by the legislature. Rubin v. P.P.G. Industries, Inc., 527 So.2d 1 (La.App. 3 Cir.1988); Melancon v. Mills, 467 So.2d 621 (La.App. 3 Cir.1985). In view of the legislative purpose for the 1989 amendment to La.R.S. 23:1021(1), we find no reason to depart from that course.
Wilson argues that Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992) stands in contradiction to our position. Bruno while factually similar, did in fact involve a specific and identifiable event. The crucial issue there was whether the fact that the event was unreported undermined the claimant’s claim for benefits. Bruno, therefore, is not controlling. Moreover, the present definition of “accident” articulated in LSA-R.S. 23:1021(1) with which we are concerned was expressly not applicable on the date of the work accident alleged in Bruno. Id., at 360.
The hearing officer found that no “accident” had occurred for purposes of the Worker’s Compensation Act. Such determinations as to whether a worker’s testimony is credible and whether the worker has carried her burden of proof are factual determinations not to be disturbed on appeal unless clearly wrong or absent a showing of manifest error. Bruno, supra. We find that the conclusions of the hearing officer are supported by the evidence and, thus, not manifestly erroneous.
Wilson’s second argument, that the hearing officer failed to consider an aggravation of preexisting condition or repetitive motion injury is also without merit. Claimant had no preexisting condition when she began work. She cannot be heard to argue that an unproven and unreported accident created a preexisting condition which was aggravated by her continued work. An employer takes an employee as he finds her as a general rule. Frederick v. Town of Arnaudville, 572 So.2d 316 (La.App. 3rd Cir.1990), writ denied, 575 So.2d 373. However, this rule cannot be interpreted to allow an employee to sustain an injury which has not been proven to be job related, and through intent or irresponsibility aggravate her injury in order to bring herself under the Worker’s Compensation Act.
For the foregoing reasons, the hearing officer’s finding that Wilson failed to carry her burden of proving a job related accident is affirmed. All costs of this appeal are taxed against appellant, Evelyn Wilson.
Affirmed.
THIBODEAUX, J., concurs and assigns reasons.